74 595
74 594

## Chicago & Alton R. R. Co. v. Hannah Davis.

1. DAMAGES—*Fruit Trees Destroyed by Fire.*—The measure of damages to fruit trees, meadows, etc., resulting from fire escaping from a locomotive, is the difference between the value of the land upon which such trees and meadows were situated, before and after the fire complained of.

**Trespass on the Case.**—Damage from fire. Appeal from the Circuit Court of Madison County; the Hon. GEORGE W. WALL, Judge, presiding. Heard in this court at the August term, 1897. Affirmed. Opinion filed March 1, 1898.

WISE & McNULTY, attorneys for appellant.

The measure of damages where meadow or trees are destroyed by fire is the difference in price between the market value of the land with the meadow and trees on the land and the value of the land when they are destroyed. Louisville E. & St. L. Con. R. R. Co. v. Spencer, 47 Ill. App. 503, 149 Ill. 97; Shannon v. Hannibal & St. J. R. R. Co., 54 Mo. App. 223; Dwight v. Elmira, C. & N. R. R. Co., 132 N. Y. 199; Missouri, Kan. & Tex. R. R. Co. v. Goode (Tex. App.), 26 S. W. Rep. 441; International & G. N. R. R. Co. v. McIver (Tex. App.), 40 S. W. Rep. 438; Ward v. Chicago, M. & St. P. Ry. Co. (Minn.), 63 N. W. Rep. 1104; Chicago & E. R. R. Co. v. Smith, 6 Ind. App. 265; Chicago & E. R. R. Co. v. Kern, 9 Ind. App. 505; Baltimore & O. Ry. Co. v. Countryman (Ind. App.), 44 N. E. Rep. 265; Atchison, T. & S. F. R. Co. v. Briggs, 2 Kan. App. 154; Missouri Pac. Ry. Co. v. Haynes, 1 Kan. App. 586.

JOHN J. BRENHOLT, attorney for appellee.

The proper measure of damages was clearly the differ-
ence in the value of the land before and after the fire, and
in determining its value before the fire, the jury might take
into consideration the character of the soil, its state of cul-
tivation, the quality of the trees and fruit thereon, the age
of the trees and injury caused by the fire, if any, to the trees,
etc. Louisville, E. and St. L. Con. R. R. Co. v. Spencer,
149 Ill. 97.

MR. PRESIDING JUSTICE CREIGHTON DELIVERED THE OPINION
OF THE COURT.

This was an action on the case by appellee against appel-
lant, in the Circuit Court of Madison County, to recover
damages for injury to appellee's property by fire.

The declaration contains two counts. The first alleges
that the appellant permitted large quantities of dry grass
and weeds to accumulate on its right of way, and that
sparks from its engines ignited this grass and weeds by
means of which the fire spread to appellee's land, etc. The
second alleges that the fire escaped from the engine through
carelessness and negligence of appellant and set fire to the
meadow on appellee's land, etc.

On the second day of April, 1896, Hannah Davis owned
about twenty acres of land in Madison county, Illinois.
The right of way of the Chicago & Alton Railroad ran
through this land. The land on each side of the right of
way was sown to meadow and set in fruit trees.

On the day above named a fire broke out, caused by sparks
from the engine of a passing train on said road, and
destroyed about an acre and a half of meadow, ninety-nine
pear trees and thirty-three peach trees, growing on this land.

The trial was by a jury. Verdict in favor of plaintiff for
$558. The jury, in answer to special interrogatories,
found that the fire commenced on the right of way; that
the engine was equipped with the best and most approved
spark arrester; that at the time of the fire it was in good
order, and that the engine was properly handled and man-
aged.

Motion for new trial overruled. Judgment on the verdict, for plaintiff. Appellant excepted and brings the case to this court by appeal, and urges as grounds for reversal, that the verdict is against the weight of the evidence; that the court, over appellant's objection, permitted appellee to prove the value of each tree; and that the verdict is excessive. It is admitted that the evidence shows that the fire caught from sparks which issued from appellant's engine, and the undisputed testimony clearly tends to prove all that is material to a recovery under the first count of the declaration, except the allegation that the fire caught on the right of way of appellant; upon that issue there is a sharp conflict. Appellee's husband, her son, and two neighbors testify that the fire caught on the right of way; and four employes of appellant testify that it caught seventy-five feet from the center of the track, at a point beyond the right of way. This question of fact was directly submitted to the jury in the following interrogatories:

" 1. Did the fire in question start on the right of way of the railroad company and from there spead to the land of the plaintiff?

Answer. Yes.

2. Did the fire start on the premises of the plaintiff?

Answer. No."

The husband and the son made certain answers under oath to questions accompanying a claim for payment presented to appellant almost immediately after the fire, which were inconsistent with their testimony at the trial, and notwithstanding their explanations, tended to weaken the force of their testimony; while on the other hand, it is clearly proven that the engine was at the time equipped with the best and most approved spark arrester, that the same was in good repair and that the engine was properly handled and managed, which facts may have tended to somewhat weaken the force of the statements that the fire caught at a point seventy-five feet from the track; this, however, was a question peculiarly proper for a jury to determine, and we do not feel justified in interfering with their determination of it.

We are of the opinion appellee fairly made out her case and was entitled to recover.

Appellant rightly contends that injury in such cases is to real estate, and that the measure of damages is the difference between the value of the land with the meadow and fruit trees on it and the value of the land when they are destroyed.

The trial court so held the law and gave it to the jury at appellant's instance in the following instructions:

" 9.   The court instructs you that in this case the measure of damages, if plaintiff is entitled to any damages at all, is the difference between the value of the land before and after the fire complained of; and in this case you will so allow the damages, if you believe the plaintiff is entitled to any damage at all.

" The court further instructs you that you must consider the actual damage to the plaintiff, if any, as explained in the instruction in this case, and you have no right to allow or to consider mere conjectural or speculative damages not proved by the evidence."

But it is urged that the court permitted appellee, over appellant's objection, to prove the value of the meadow and trees destroyed, and that this was such error as calls for a reversal of the case.

The meadow and fruit trees were improvements of that character which, when once attached to the land, became a part of the realty.

The damage lies in the lessening of the value of the realty as a whole by the destruction of such improvements.

It must be borne in mind that the ultimate fact to be ascertained by means of testimony, is the extent to which the value of the realty as a whole has been diminished by the destruction of these parts of it.

In such cases two methods have been heretofore pursued by which to approximate the ultimate fact to be ascertained; one by means of proof of the value of the part destroyed— not its value as a severed article, but its *quantum* of value as a part of the whole, which being ascertained, measures

the extent to which the value of the whole has been diminished by its destruction; the other by means of proof of the value of the whole as it was immediately before, and as it was immediately after the destruction of the part, and accepting the difference as the measure of the extent to which the value of the whole has been diminished by the destruction of the part.

We find many instances where both methods were pursued in the same case.

In theory these methods are both perfect, and, as was remarked during the trial by the learned judge who tried the case, will lead to the same result; but in practice all methods that must be worked out through such imperfect means as the opinions of witnesses upon questions of value produce imperfect results. The most that can be hoped for in such cases is to approximate the truth.

The case of Dwight v. Elmira, C. & N. R. R. Co., 132 N. Y. 199, decided in 1892, and the case of Shannon v. Hannibal & St. Joseph Ry. Co., 54 Mo. App. 223, decided in 1893, are the principal authorities relied on by appellant to support its contention.

The New York case was tried before a referee upon the theory that the fruit trees, which were testified to be worth $50 each, were personal property; they were in no manner dealt with as part of the realty. The court in that case says: "The only question presented on this appeal is, whether the proper measure of damages was adopted on the trial."

At great length the question of whether the fruit trees were personal property or a part of the realty in which they grew, is discussed and authorities collated and reviewed. The conclusion is reached that the trees were a part of the realty, and that the injury sustained by their destruction was injury to the realty, and a rule laid down for the admeasurement of the damages, the same as held by the trial court in this case, and almost in the exact words of the instruction given in the case. The opinion concludes: "As this rule was not followed, but rejected on the trial, and

methods of proving damages adopted not recognized nor permitted by courts, the judgment should be reversed." (Three out of the seven judges dissent.)

The only words in that opinion concerning mode of proof are the words, "and methods of proving damages adopted not recognized or permitted by courts."

The logical sequence of argument presented by the court in that opinion, makes the words used mean no more than that the true rule for measuring the damages was rejected on the trial, and methods for measuring the damages adopted not recognized nor permitted by courts.

The Missouri case was to recover for some hedge and apple trees destroyed by fire. The St. Louis Court of Appeals, to which the appeal in that case was taken, quotes approvingly at some length from the New York case and reverses and remands.

These are the only cases we have seen in which it can be claimed that the direct question of the relevancy of such testimony has been considered.

We have been cited to many cases in which it is held proper to admit witnesses, who by their acquaintance with value of real estate are qualified to do so, to give their opinions as to the value of the realty before and after the injury, but we fail to find such cases holding that such is the only proper evidence.

We are also cited to many cases in which it is held that the difference in value of the realty, as a whole, before the injury and after the injury, is the true measure of damages, which means neither more nor less than that the amount which the realty, as a whole, has been lessened in value by the injury, is the sum that the injured party is entitled to recover as damages; but neither the rule nor the form of stating it limits to any one particular means of ascertaining that difference or that sum. We are of opinion that difference or that sum can in most cases be as correctly ascertained by one of these methods as the other, and usually more correctly by means of both methods in the same case than by either alone. If the defendant is not satisfied with the

method adopted by the plaintiff he should, as defendant was in this case, be at liberty to pursue the other. In cases where the injury is relatively small, as the breaking down of a gate, a small portion of a fence, or the destruction of a few trees or shrubs and the like, it is not practicable to ascertain the amount of the injury by calling real estate experts to give their opinions as to the market value of the whole plantation before and after the injury.

It is contended that to admit witnesses to give their opinions as to the value of the part destroyed, leads to uncertain results; in our experience, not more so than to admit witnesses to twice give their opinions as to the value of the whole. This record furnishes a good illustration on this point.

Appellant, on cross-examination, asked three witnesses what the land would sell for with the fruit trees on it. One said there is no market now for land, one said $300 per acre, and one said when you take an orchard alone, it would bring $800 or $900 per acre. After this appellant on its behalf introduced a most competent witness, a farmer and fruit grower, who qualified as follows : I have known Mrs. Davis' land for fifteen years. * * * I am well acquainted with land around there. I think I know its value. I think I know every place that has been sold around there for a number of years."

Here was a choice opportunity to correct any uncertain results that may have followed from the opinions given by previous witnesses as to the value of the improvements destroyed. This witness was not asked to give his opinion as to the value of appellee's land with the fruit trees on it, but appellant deliberately elected to waive all its objections to the character of evidence appellee had introduced and to pursue the same method itself, and asked this witness as follows:

" Q. Now, what did you estimate the damage on the fruit trees, if you made any estimate on it? A. Those trees that were killed I thought that the damage was about $7 or $8 apiece.

Q.  That is on the  *  *  *  pear trees?  A.  Yes, sir.
Q.  What on the peach?  A.  *  *  *  Oh, well they were worth $2 or $3 apiece."

The attention of the witness who is to give in evidence his opinion as to the value of such destroyed improvements, should be directed to the question of its value as part of the realty—its *quantum* of value as part of the whole; but if that is neglected in chief it is usually done on cross-examination. The adverse party should always be permitted to ask the witness on cross-examination, as to the value of the whole both before and after the injury, and when he desires to do so, introduce such proof in his own behalf, as was done in this case.

The important thing is for the trial court in the instructions to properly limit and apply the testimony and to clearly direct the minds of the jurors to the ultimate fact to be ascertained by them from all the evidence; this the learned judge also did in this case.

The amount of damages found in the verdict is abundantly supported by the evidence. We find no error in this record. The judgment of the Circuit Court is affirmed.