## ST. LOUIS, I. M. & S. RY. CO. v. WELDON *et ux.*

No. 2829.    Opinion Filed August 6, 1913.

Rehearing Denied September 23, 1913.

(135 Pac. 8.)

1. **RAILROADS — Fires — Presumption of Negligence.** Proof that property has been destroyed by sparks emitted by a passing locomotive creates a presumption of negligence on the part of the railroad company or its employees either in the construction or handling of the locomotive or in failing to keep it in proper repair.

2. **SAME—Question for Jury.** Where it clearly appears that a fire was started on the right of way of a railroad by a passing locomotive, which extended to and destroyed adjoining property, and the company, on the trial of an action against it, produced testimony, which was not directly contradicted, tending to show that the locomotive was properly constructed, equipped, inspected, and operated, held, that it was the province of the jury to determine whether the presumption of negligence, created by the starting of the fire, was overcome, since the jury had the right to weigh the testimony and to determine whether the witnesses for the company were credible (following **St. L., I. M. & S. Ry. Co. v. Marlin,** 33 Okla. 510, 128 Pac. 108, **McCullen v. Chicago & N. W. Ry. Co.,** 101 Fed. 66, 41 C. C. A. 365, 49 L. R. A. 642, and **Great Northern Ry. Co. v. Coats,** 115 Fed. 452, 53 C. C. A. 382).

3. **EVIDENCE—Opinions—Question Calling for Conclusion.** Objection to testimony examined, and held properly sustained.

4.    **EVIDENCE—Value.** Testimony of witness relative to value of property destroyed examined, and **held** competent.

(Syllabus by Robertson, C.)

*Error from District Court, Wagoner County;*
*John H. King, Judge.*

Action by Claud H. Weldon and wife against the St. Louis, Iron Mountain & Southern Railway Company to recover damages from fire. Judgment for plaintiffs, and defendant brings error. Affirmed.

*W. E. Hemingway, Lovick P. Miles, Thos. B. Pryor,* and *Vincent M. Miles,* for plaintiff in error.

*Robert F. Blair,* for defendants in error.

Opinion by ROBERTSON, C.   This action was instituted on November 26, 1906, in the United States District Court for the Western District of the Indian Territory.   After statehood, by stipulation of the parties, and in accordance with law, the case was transferred to the district court of Wagoner county, where it was tried to a jury on April 28, 1909, and resulted in a verdict in favor of plaintiffs in the sum of $2,000.   A motion for a new trial was sustained and the cause again tried to a jury in April, 1910, and resulted in a verdict for plaintiffs in the sum of $3,000, upon which judgment was · entered, and defendant brings this appeal to reverse the same.

The facts as alleged in the petition, briefly stated, are as follows:

"That on, to wit, the 11th day of November, 1906, at about the hour of 11 o'clock in the forenoon, defendant carelessly and negligently equipped, manned, and operated the engine on defendant's freight train, then and there going north out of the said city of Wagoner, on defendant's road, so that said engine emitted large quantities of sparks and fire, by reason of which, and as the proximate cause thereof, defendant negligently put out and set fire to the dry grass and other combustible material which had accumulated on and along the defendant's right of way within the limits of the said city of Wagoner, which fire, carelessly and negligently put out and started by defendant as aforesaid, spread out and was driven southwest over and through the prop-

erty of the plaintiffs, situated in the said city of Wagoner, then and there burned up and totally destroyed 310 fruit trees three years old and upwards of the value of $6 each, aggregating the sum of $1,860; 200 fruit trees one year old of the value of $2 each, aggregating $400; dewberries, blackberries, raspberries, and gooseberries of the value of $50; 300 shocks of corn of the value of $200; fence of the value of $20; one barn of the value of $450; one wagon of the value of $60; two tons of bran and shorts and hay and corn for horses of the value of $40; two sets of wagon harness of the value of $30; two sets of buggy harness of the value of $40; one set of single buggy harness, $10; damage to horses by reason of exposure to weather, $100; six halters of the value of $1 each, aggregating $6; two bridles worth $5; one raincoat worth $3.50; one tongue $6.50; two wagon covers worth $5; 50 sacks worth $2.50; two bushels peas worth $4; one shovel worth 75 cents; two pitchforks worth $1.25; one pair mule shears worth $2; one laprobe worth $5; two rubber horse covers worth $6—the same being then and there the property of plaintiffs, to plaintiffs' damage in the sum of $3,307.50."

Defendant's answer was a general denial. At the close of the trial, when the testimony was all in, defendant interposed a demurrer to the evidence, which was overruled. This order of the court, overruling said demurrer, is assigned as error.

The question thus raised, under facts which, to all intents and purposes, are identical with those alleged and proved in the case at bar, was considered and thoroughly disposed of by Mr. Justice Dunn in *St. L., I. M. & S. Ry. Co. v. Marlin,* 33 Okla. 510, 128 Pac. 108. The syllabus of said case reads as follows:

"Proof that property has been destroyed by sparks emitted by a passing locomotive creates a presumption of negligence on the part of the railroad company or its employees either in the construction or handling of the locomotive or in failing to keep it in proper repair.

"Where it clearly appears that a fire was started on the right of way of a railroad by a passing locomotive, which extended to and destroyed adjoining property, and the company, on the trial of an action against it, produces testimony, which was not directly contradicted, tending to show that the locomotive was properly constructed, equipped, inspected, and operated, *held,* that it was the province of the jury to determine whether the presumption of negligence, created by the starting of the fire, was overcome, since the jury had the right to weigh the

testimony and to determine whether the witnesses for the company were credible (following *McCullen v. Chicago & N. W. Ry. Co.*, 101 Fed. 66, 41 C. C. A. 365, 49 L. R. A. 642, and *Great Northern Ry. Co. v. Coats*, 115 Fed. 452, 53 C. C. A. 382)."

The above, together with the other reasons given in the body of the opinion, to our minds fully and completely answers, as against defendant's contention, every question raised by the assignment under consideration.

It is next urged that the court erred in sustaining an objection made by counsel for plaintiffs to the following question asked a witness for defendant, to wit: "Couldn't anybody ride along there in a wagon and throw a match down?" There is no merit to this contention. It called for a conclusion or opinion of the witness and not for a statement of a fact. The jury could have drawn such conclusion just as easily and just as properly as the witness, and this evidence would not have aided them in the least. Such evidence is not competent, unless on a subject calling for opinion evidence, and then the witness must qualify himself before he will be allowed to testify. Besides, there is a rule to the effect that, before this court can say whether or not there is error in the exclusion of testimony, it must be shown what the answer of the witness would have been and what it would tend to prove, and counsel should have made such an offer and caused it to be inserted in the record. As we view it, there was no error in the action of the court in sustaining the objection to the question.

It is next urged that the court erred in admitting incompetent evidence as to the value of the property destroyed. The particular question complained of was directed to plaintiff, Claud H. Weldon, and is as follows: "What was the total damages to plaintiffs' property by reason of this fire as testified by you here at that time?" Answer: "$3,307." This question, standing alone, would have been cause for reversal. *Midland Valley R. Co. v. Ezell*, 36 Okla. 517, 129 Pac. 734. But the record discloses that the witness had just testified in detail as to the value of the various items burned. Complaint is made of the answer of Weldon, wherein he testifies, concern-

ing the value of the barn, that he "just figured in the cost of it at $450," but the record discloses that he went into detail and told what kind of a barn it was, the kind of material used in its construction, its size and age, etc. There is not a word of testimony in the record tending to disprove this evidence, and it was competent and sufficient to take the question to the jury. The value of the trees destroyed was searchingly investigated about by expert witnesses for the company. The testimony on all the items of damage was competent and was properly submitted to the jury.

In *Fire Association of Philadelphia v. Farmers' Gin Company, ante,* 134 Pac. 443, in discussing the competency of witnesses relative to the question of damages occasioned by fire, we said:

"Witnesses are not incompetent to testify as to the value of a gin house and machinery used therein simply because they do not know the market price of the same, especially where it is shown that they live in the same neighborhood, are well acquainted with both house and machinery, have worked therein, have had several years' experience in handling such machinery, and have a good general knowledge of values, and claim to know the cash value of the particular building and machinery. Their competency is a question for the court, while the value of their testimony is for the jury to determine. The measure of damages in case of loss by fire, if the property destroyed is a building, is not the market value of the building at time of the loss, nor what some one would have paid for it, but the actual cash value of the property at the time of the loss."

These rules apply to and are conclusive upon us in the determination of the question presented by the assignment under consideration.

It is lastly contended that the verdict of the jury is excessive, but in what particular we are not informed. The verdict of the jury is amply sustained by the evidence. No particular excess on any one of the items is pointed out. We are not authorized arbitrarily to cut down any of them. The verdict is general and the evidence would have warranted a larger finding. Under the well-established rule of this court applied to this assignment as well as the preceding ones, where there is any

evidence in the record reasonably tending to support the verdict this court will not review the same to determine where the weight lies, but will sustain the finding. The testimony in this case meets the requirements of that standard.

We fail to discover any error in the record of sufficient magnitude to warrant an interference with the judgment, and the same should be affirmed.

By the Court: It is so ordered.