FIRE ASS'N OF PHILADELPHIA v. FARMERS' GIN CO.

No. 2871.   Opinion Filed August 6, 1913.

(134 Pac. 443.)

1.   APPEAL AND ERROR—Continuance—Refusal of Continuance—Discretion of Court.  The granting of a continuance in the trial of a cause is a matter that rests, at all times, in the sound judicial discretion of the trial court, and, unless it affirmatively appears that the court has abused its discretion in the matter, its decision will not be reviewed when the case reaches this court on appeal.

2.   EVIDENCE — Value — Opinion Evidence.  Witnesses are not incompetent to testify as to the value of a ginhouse and machinery used therein simply because they do not know the market value of the same, especially where it is shown that they live in the same neighborhood, are well acquainted with both house and machinery, have worked therein, have had several years' experience in handling such machinery, and have a good general knowledge of values, and claim to know the cash value of the particular building and machinery.  Their competency is a question for the court, while the value of their testimony is for the jury to determine.

3.   DAMAGES—Measure—Value of Buildings.  The measure of damages in case of loss by fire, if the property destroyed is a building, is not the market value of the building at time of the loss, nor what some one would have paid for it, but the actual cash value of the property at the time of the loss.

4.   TRIAL—Argument—Right to Open and Close.  The party bearing the burden of proof has the right to open and close the argument.  His opening argument should be a complete and fair presentation of his theory of the case.  When such an argument is made, if the opposite party elects not to reply, this should close the argument.  If the party upon whom rests the burden makes an incomplete or inadequate opening statement, and the opposing party does not reply, no further argument should be allowed, unless the court, in the exercise of its sound discretion and in the

interest of justice, thinks the party upon whom the burden rests should be allowed to make a further opening. In that event the opposing party should be allowed to answer, if he desires, and the party upon whom the burden rests should be allowed to close.

(Syllabus by Robertson, C.)

*Error from District Court, Tillman County;*
*J. T. Johnson, Judge.*

Action by the Farmers' Gin Company against the Fire Association of Philadelphia. Judgment for plaintiff, and defendant brings error. Affirmed.

*Crane & Crane* and *W. C. Lukenbill,* for plaintiff in error.

*Mounts & Davis* and *Gray & McVay,* for defendant in error.

Opinion by ROBERTSON, C. This was an action by the Farmers' Gin Company to recover on a fire insurance policy issued by the Fire Association of Philadelphia. The jury returned a verdict for the plaintiff in the sum of $3,500, upon which judgment was entered, and the insurance company appeals. Many errors are assigned in the petition in error; but all may be considered under the following heads: (1) The trial court erred in refusing defendant a continuance. (2) The verdict of the jury and the judgment of the court are not warranted by the evidence and are contrary to law. (3) The trial court erred in permitting the attorneys for plaintiff to make a second argument to the jury, when defendant had waived its right to argue the case.

The petition in this case was filed in the lower court on April 4, 1910, and amended answer on October 24th thereafter, and the reply on the next day, after which time the defendant applied for a continuance, which was granted by the court over the objections of plaintiff. The cause was thereafter set for trial on February 13, 1911, when both parties appeared in open court, and announced ready, and proceeded to impanel a jury, and after the jury had been sworn the defendant made application for another continuance on the ground of an absent witness. This witness was named Neale; there is nothing in the application to show his whereabouts at the time the same was filed, nor is there any-

thing therein to indicate that his whereabouts would be ascertained at a reasonable time in the future, or that there is any reasonable probability that he could be produced, or his testimony taken; the application does not show that this testimony was not cumulative. When we consider, in this connection, the fact that the former continuance in this case had been granted on a similar application in which the absent witness was one Williams, and whose supposed testimony was along the same line that Neale was expected to testify, we are convinced that the testimony was cumulative, and are of opinion that no error was committed in denying the application.

It has been held repeatedly that the question of granting a continuance in the trial of a cause is a matter that rests at all times in the sound judicial discretion of the court, and that, unless it affirmatively appears that the court has abused its discretion in the matter, its decision will not be reviewed when the case reaches this court on appeal. *Kelley v. Wood,* 32 Okla. 104, 120 Pac. 1110; *St. L. & S. F. Co. v. Cox,* 26 Okla. 331, 109 Pac. 511; *Heatley v. Territory,* 15 Okla. 72, 78 Pac. 79; *Welty v. U. S.,* 14 Okla. 7, 76 Pac. 121; *Garrison v. Territory,* 13 Okla. 690, 76 Pac. 182; *Murphy v. Hood,* 12 Okla. 593, 73 Pac. 261.

It is next argued that there was no competent evidence introduced on the question of the value of the property destroyed by fire, that none of the witnesses offered by plaintiff were competent to testify as to the value, and that therefore the court erred in refusing to sustain a demurrer to the evidence, and in refusing to give a peremptory instruction requiring the jury to return a verdict for defendant. There were but three witnesses offered by plaintiff to sustain the allegations of its petition; the defendant did not offer any at all, but confined its efforts to the cross-examination of the plaintiff's witnesses.

The first witness called was J. E. Bates, who testified that he lived in the vicinity where the cotton gin was burned; that he was the president of plaintiff corporation; that he was familiar with the building and machinery, and had been about the place for three years; that he had had experience with machinery and buildings, and knew something of the value of the property de-

stroyed. He further testified that he had been familiar with gins and gin buildings since 1895, and had worked around gins, more or less, for the last seven years. He testified that the main ginhouse was worth $1,000, that the machinery, except the engine, was worth $3,000, while the engine was worth $1,500, the engine house was valued by him at $500, or a total of $6,200. C. N. McElroy, another witness, testified that he lived near the gin, that he was acquainted with the property before the fire, that he had built and owned one cotton gin, that he had an idea of the value of such property, because he had looked at it and examined it and worked in and about it, that he had eight years' experience in working in and around gin machinery, and knew the value of the machinery in the gin destroyed by fire, and that the main ginhouse was worth $2,500 or better, engine and boiler $1,500; he did not testify as to the value of the gin machinery.

Counsel for the defendant objected to all the testimony given by these two witnesses, on the ground that they were not qualified to speak with reference to the value of the property destroyed. They rely mainly on this point for a reversal of the judgment, and cite many cases in support of these assignments; but an examination of these authorities show that they are, in most instances, applicable to a wholly different class of cases from the one under consideration. We have no doubt but that the correct rule in determining the value of live stock and other personal property, where values are unstable and fluctuate daily, a witness must show that he is familiar with the current price in the market where the property is offered for sale, and this is the rule enunciated by the authorities cited, but with the class of property, covered by the insurance policy, in the case at bar the rule is, and should be, different. In this case the cotton gin, both building and machinery, partakes of the nature of real estate, and these witnesses were familiar with the same, and are therefore competent to testify; the value of their testimony is, of course, at all times a question for the jury, but its competency is for the trial court, and while the court, in the exercise of a sound judicial discretion, might have rejected it without error, yet, having admitted it, we shall not hold that there was an abuse of discretion in so doing.

Values of property, such as that involved in this case, are not always easy to prove; it may be and frequently is, in the locality where it is situated, of no "market" value, and yet have in fact a true cash value. If it had no such thing as a "market value," as that term is ordinarily used and accepted, and especially as used in the cases cited by defendant in its brief, it would follow that proof of value, such as demanded by the test insisted on, would be little short of impossible. To be sure, the plaintiff was bound to furnish the best class of proof of which the case was susceptible; but how are we to say, in the absence of a showing to the contrary, that this rule was not followed? In 2 Lewis, Eminent Domain (3d Ed.) sec. 656, it is said:

" This is a question the determination of which is left mostly to the trial judge. * * * It is not necessary that the witnesses should have been engaged in the real estate business. Intelligent men who have resided a long time in the place, and who are acquainted with the land in question, and say they know its value, are competent, although they are merchants or farmers, and have never bought or sold land in the place. * * * The value of such opinions depends upon the intelligence of the witness and the knowledge and experience which he possesses in such matters, and is in all cases a question for the jury."

While in *Jones v. Erie & W. V. R. Co.*, 151 Pa. 30, 25 Atl. 134, 17 L. R. A. 758, 31 Am. St. Rep. 722, it is said:

"The value of a house or a piece of ground is a subject upon which all persons familiar with the property who have formed an opinion are competent to speak. The value of their opinions will depend on the extent of their familiarity with the surrounding property and the prices asked and paid for it; but this is for the jury to determine."

In Cooley's brief on Insurance, vol. 4, p. 3081, is found the following rule, which we think applicable to this case; *i. e.*, "if the property destroyed is a building, the measure of damages is not the market value of the building at the time of the loss, nor what some one would have paid for the building, but the actual value of the property at the time of the loss." The same rule would also apply to the machinery in, and forming part of, the building. Measured by this rule, the witnesses being competent,

the value of their testimony was for the jury to determine, and, without doubt, there is sufficient competent testimony to make at least a *prima facie* case, and, weighed by the well-established rule of this court, when the weight of the evidence is challenged by demurrer or by motion to direct a verdict, we will consider only that part of the evidence which tends to support the verdict, and will disregard all that against it, and, if all the evidence supporting the verdict, taken together and given all the presumptions and deductions of which it is reasonably susceptible, is sufficient, this court will not go behind the finding, and weigh the countervailing evidence, even though the same, had it been accepted by the court or jury, would have justified a different result. So, too, in cases where there is a conflict in the testimony, the jury's verdict will not be disturbed, if there be any testimony in the record reasonably tending to support the same. The state of the record in this case, as far as the evidence goes, satisfies the foregoing rules. We think the witnesses were competent, and the testimony sufficient to sustain the verdict.

When the case was ready for argument to the jury, one of the plaintiff's attorneys, Mr. Davis, proceeded to argue and concluded, whereupon counsel for defendant waived argument; Mr. Mounts, another of plaintiff's attorneys, thereupon rose and proceeded to make a second argument, at which counsel for defendant objected, on the ground that a second argument was not permissible. This objection was overruled by the court. The record is silent as to the other facts and circumstances connected with this phase of the case. We cannot say whether the ruling was, or was not, error. The presumption obtains that it was not, that it was the exercise of a sound judicial discretion of the trial court, and this is especially true in the absence of a showing to the contrary. In *A., T. & S. F. Ry. Co. v. Lambert,* 32 Okla. 665, 123 Pac. 428, it is said by Ames, C., in the syllabus:

"The party bearing the burden of proof has the right to open and close the argument. His opening argument should be a complete and fair presentation of his theory of the case. When such an argument is made, if the opposing party elects not to reply, this should close the argument. If the party upon whom rests the burden makes an incomplete or inadequate opening state-

ment, and the opposing party does not reply, no further argument should be allowed, unless the court, in the exercise of its sound discretion and in the interest of justice, thinks the party upon whom the burden rests should be allowed to make a further opening. In that event the opposing party should be allowed to answer, if he desires, and the party upon whom the burden rests should be allowed to close."

The record fails to disclose whether the attorney for defendant asked leave to argue the case, after plaintiff's attorney had concluded. It is presumed he made no such application. Having made none, it is likewise assumed that he waived argument, and therefore no error was committed.

From a careful review of the entire record, we fail to see where defendant has any right to complain, and the judgment should be affirmed.

By the Court: It is so ordered.