## CHICAGO, R. I. & P. RY. CO. v. QUIGLEY.

No. 6356.    Opinion Filed March 14, 1916.

Rehearing Denied April 18, 1916.

(156 Pac. 669.)

DAMAGES—Measure of Damages—Partial Destruction of Building— Fires. Ordinarily the measure of damages for the destruction of a building by fire arising from negligence is the actual cash value of the building at the time of the loss, but, if such destruction be not total, or if there be salvage recovered from the building greater in value than the cost of removing and saving it, the value of such salvage must be deducted from the entire cash value of the building in ascertaining the damages for which the tort-feasor is liable.

(Syllabus by Burford, C.)

*Error from District Court, Grant County;*

*W. M. Bowles, Judge.*

Action by E. F. Quigley against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

*C. O. Blake, J. G. Gamble, R. J. Roberts, W. H. Moore,* and *K. W. Shartel,* for plaintiff in error.

*A. C. Glenn,* for defendant in error.

Opinion by BURFORD, C. In this action the plaintiff sued the railway company for the destruction of a brick and frame building by fire, alleged to have originated from a locomotive operated upon the railway company's line of road. There was conflicting evidence as to the cause of the fire, but the jury found, in effect, that the fire was the result of the negligence of the railway company, and its verdict, being supported by the evidence, is not challenged in that regard.

Numerous assignments of error are alleged, but, in our judgment, it is only necessary to consider one of them. It appeared that two buildings belonging to plaintiff below were destroyed.   One of them was a brick building.   It also appears clearly from the record that some iron and quite a large amount of brick, some 20,000 or 30,000 in number, were saved from the building and cleaned, and were used in constructing what is referred to in the record as the "Binger Building."   Upon the trial the court instructed the jury as follows:

"Should your verdict be for the plaintiff, the plaintiff would be entitled to recover in the shape of damages the actual cash value of the property at the time of the loss; that is to say, at the time said property was destroyed by fire.   In arriving at the actual cash value of the property, you will not be permitted to take into consideration the rental value of the property, its location, whether it was occupied or vacant, its rental value, or loss of rents, or the value of the lots upon which said buildings were located.   In other words, the measure of damages is not the market value of the buildings at the time of the loss, not what some one would have paid for the buildings, but the actual value of the buildings at the time of the loss."

To this instruction the defendant excepted, and requested the court, in an offered instruction, to charge the jury that the salvage saved from the buildings should be deducted.   The court refused this instruction, and exceptions were taken.   The instruction given by the court rather closely follows the language used by this court in *Fire Association of Philadelphia v. Farmers Gin Co.*, 39 Okla. 162, 134 Pac. 443, and in *St. L., I. M. & S. Ry. Co. v. Weldon*, 39 Okla. 369, 135 Pac. 8.   The difficulty lies in the fact that those cases both involved total loss.   The court applied the rule of damages fixed in those cases to

this case, which was not a case of total loss, and went further and told the jury what elements they might consider in determining what was the actual value of the building, and omitted and declined to tell them that in so fixing the value of the property they might deduct the very essential element of the salvage. The rule of measure of damages in cases of this kind has been variously expressed. In *Town of Norman v. Ince*, 8 Okla. 142, 58 Pac. 632, which was a case of damages to real property by the construction of certain city improvements, this court said:

"The measure of damages is the  *  *  *  difference between the value of the property immediately prior to the location and construction of such improvements and its diminished value immediately thereafter."

In *Enid & Anadarko Ry. Co. v. Wiley*, 14 Okla. 310, 78 Pac. 96, which was an action for damages to real property, the court said:

"The measure of damages as stated in Sedgewick on Damages (8th Ed.) section 939, is the cost of restoring the land to its former condition, with compensation for loss of it, if this altogether is less than the diminution in value of the land with the injuries left standing. This is on the principle that, if the cost of repairing the injury is greater than the diminution in market value of the land, the latter is the true measure of damages; the rule of avoidable consequences requiring that in such case the plaintiff shall diminish the loss as much as possible."

The court then refers to the case of *Town of Norman v. Ince, supra,* and approves the rule there laid down, saying that in that case there was no question of restoring the property to its former condition.

In *Fire Association of Philadelphia v. Farmers' Gin Co.*, 39 Okla. 162, 134 Pac. 443, this court said:

"The measure of damages in case of loss by fire, if the property destroyed is a building, is not the market value of the building at the time of the loss, nor what some one would have paid for it, but the actual cash value of the property at the time of the loss."

In *St. L., I. M. & S. Ry. Co. v. Weldon,* 39 Okla. 369, 135 Pac. 8, this court again said:

"The measure of damages for loss of a building by fire is its actual cash value at the time of the loss, and not the market value or what some one would have paid for it."

In *Silva v. City Council of the City of McAlester,* 48 Okla. 150, 148 Pac. 150, this court said:

"Ordinarily the measure of damages for the removal or destruction of buildings from real estate to which they are attached as a part thereof is what it would cost to replace them, not exceeding the value of the entire property; but, if for any reason the buildings could not be replaced, the measure of damages would be the difference in the value of the entire property before and after the removal or destruction of the buildings."

It is generally stated that the measure of damages is "the difference between the value of the property before and after the injury." Joyce on Damages, section 2121; Elliott on Railroads, section 1229; *Chicago & Alton Ry. Co. v. Davis,* 74 Ill. App. 595; *Pennsylvania Co. v. Hunsley,* 23 Ind. App. 37, 54 N. E. 1071; *Rowe v. Chicago & N. W. Ry. Co.,* 102 Iowa, 286, 71 N. W. 409; *Ft. Scott, W. & W. Ry. v. Tubbs,* 47 Kan. 630, 28 Pac. 612; *Hayes v. Chicago, M. & St. P. Ry. Co.,* 45 Minn. 17, 47 N. W. 260; *Jamieson v. N. Y. & R. B. Co.,* 162 N. Y. 630, 57 N. E.

1113, affirming 11 App. Div. 56, 42 N. Y. Supp. 915; *Ft. Worth & New Orleans Ry. Co. v. Watson*, 74 Tex. 581, 12 S. W. 227; *Hartshorn v. Chaddock*, 135 N. Y. 117, 31 N. E. 997, 17 L. R. A. 426.

Reduced to their essence, these various expressions of the rule amount to the same thing. If the loss be a total loss, the difference between the value of the property before and after the injury must necessarily be the actual value of the property destroyed. In some cases, however, the measure of damages might be less than the actual value of the building. This would arise in cases where the loss was only partial, or where, as stated in *Enid & Anadarko Ry. Co. v. Wiley*, and *Silva v. McAlester, supra*, the cost of restoring the property would be less than the actual value thereof, or, as in the case at bar, where the destruction was of such character that the owner was able to save, use, and dispose of a considerable amount of salvage from the burned building. It is apparent that in this case the value of the property before and after the fire is not to be measured by the actual value of the property as in the case of total loss, since necessarily, in computing the value of the property after the fire, there must be added to the value of the lots the value of the salvage over and above the cost of saving. This is the rule applied in insurance cases *(German Ins. Co. v. Eddy*, 36 Neb. 461, 54 N. W. 856, 19 L. R. A. 707; *Hartshorn v. Chaddock*, 135 N. Y. 117, 31 N. E. 997, 17 L. R. A. 427; *Harris v. Gaspee Fire & Marine Ins. Co.*, 9 R. I. 207; *Larkin v. Glensfalls Ins. Co.*, 80 Minn. 527, 83 N. W. 409, 81 Am. St. Rep. 286), and appeals to us as a sound doctrine, as applied to the instant case.

Inasmuch as the court below told the jury the specific elements which they might consider in making up the actual value of the building, he should have likewise told them that they should deduct from the value of the building, assessed as damages, the actual value of the salvage saved over and above the cost of saving it. The allegation of error in this ruling of the trial court is met by the defendant in error only with the contention that the plaintiff in the court below ought to have been allowed to prove damages for loss of rent, and damages to the sidewalk, and that this error of the trial court against the plaintiff should offset the error against the defendant committed in the instruction. Without deciding these interesting questions as to damages for loss of rent, etc., there being no appeal taken by the defendant in error, it suffices to say that this court cannot resolve itself into a jury to offset or counterclaim one error against another, or to weigh and determine what might have been the result of the testimony which was not admitted and is not in the record.

Inasmuch as the remaining errors alleged and questions raised might not arise upon a new trial, we do not decide them further than to say that the testimony of the witness I. H. Ruth in relation to the depreciation of these buildings is inadmissible upon the qualification of the witness, as shown in the record.

The cause is reversed, with directions to the trial court to grant a new trial, and for further proceedings not inconsistent with the opinion.

By the Court: It is so ordered.