2008 OK 9

**Clarence TYLER, Plaintiff/Appellee,**

**v.**

**SHELTER MUTUAL INSURANCE COM-PANY, a Missouri Corporation, Defendant/Appellant.**

**No. 105,098.**

Supreme Court of Oklahoma.

Jan. 29, 2008.

Michael D. McGrew, Michael D. McGrew & Associates, P.C., T. Michelle McGrew, T. Michelle McGrew, P.C., Oklahoma City, OK, for plaintiff/appellee.

W.R. Cathcart, Virginia Cathcart Holleman, Carthcart & Dooley, Oklahoma City, OK, for defendant/appellant.

WATT, J.

¶ 1 The United States District Court for the Western District of Oklahoma certified four questions under the Revised Uniform Certification of Questions of Law Act, 20 O.S.2001 §§ 1601, et seq. As reformulated and consolidated,[1] the single question asks:

---

1. Questions of law may be reformulated pursuant to 20 O.S.2001 § 1601.1. *Randall v. Travelers*

*Casualty & Surety Co.,* 2006 OK 65, ¶ 1, 145 P.3d 1048. See also, *Strong v. Laubach,* 2004 OK 21,

Whether the term "actual cash value" included within Oklahoma standard fire insurance policies pursuant to 36 O.S. Supp. 2003 § 4803[2] is synonymous with the terms "fair value" and "actual value" found in 36 O.S.2001 § 4804?[3]

¶2 We answer the reformulated and consolidated certified question "yes." The answer is supported by: 1) this Court's opinion in *Rochester American Ins. Co. v. Short*, 1953 OK 4, 252 P.2d 490 in which virtually identical statutory language as that found in 36 O.S. Supp.2003 § 4083 and 36 O.S.2001 § 4084 was construed and in which the terms "actual cash value" and "actual value" were treated as having the same meanings; 2) Oklahoma jurisprudence[4] and extant case law which has not treated the terms as synonymous with market value and with those court's which determine that the term "actual value" means nothing more than an expression of the actual value of property in terms of cash;[5] 3) rules of statutory construction

¶1, 89 P.3d 1066. As originally certified, the questions provide:

"1. Does 36 Okla. Stat. § 4804 apply to the standard fire policy issued to Plaintiff?

2. If 36 Okla. Stat. § 4804 applies to the policy issued to Plaintiff, does § 4804 govern how total fire losses are settled?

3. If § 4804 governs how total fire losses are settled, what is meant by the terms "fair value" and "actual value" as used in § 4804?

4. If § 4804 governs how losses are settled, does § 4804 supersede the policy terms in adjusting and paying total fire losses if the policy and statute conflict?"

Reformulation is appropriate because:

1) As to the first question, neither party seriously contends that 36 O.S.2001 § 4804, see note 3, infra, dealing with insurance payments when properties are completely destroyed by fire does not relate to the provisions of a standard fire insurance policy executed in accordance with 36 O.S. Supp.2003 § 4803, see note 2, infra. Furthermore, the general rule is that different statutes on the same subject matter are generally viewed as *in para materia* and construed together as a harmonious whole giving effect to each provision. *Mustain v. Grand River Dam Auth.*, 2003 OK 43, ¶23, 68 P.3d 991; *Culbertson v. McCann*, 1983 OK 57, ¶14, 664 P.2d 388; *De Graffenreid v. Iowa Land & Trust Co.*, 1908 OK 49, ¶0, 95 P. 624;

2) As to the second question, the clear, plain and unmistakable language of 36 O.S.2001 § 4804, see note 3, infra, provides that it governs buildings totally destroyed by fire. If a statute is plain and unambiguous and its meaning clear, no occasion exists for the rules of construction. Rather, the statute will be accorded the meaning expressed by the legislative language utilized. *Wylie v. Chesser*, 2007 OK 81, ¶19, 173 P.3d 64; *Wilson v. Catoosa Public Schools*, 2007 OK 20, ¶11, 157 P.3d 1149; *Heldermon v. Wright*, 2006 OK 86, ¶12, 152 P.3d 855. Furthermore, this issue was determined in *Scoufos v. State Farm Fire & Casualty Co.*, 2001 OK 113, 41 P.3d 366 and discussion, ¶¶13–14, infra.

3) The determination that the term "actual cash value" utilized in the insurance policy and the terms "fair value" and "actual value" contained in 36 O.S.2001 § 4804, see note 3, infra, is conclusive of the third and fourth questions certified.

2. Title 36 O.S. Supp.2003 § 4803 providing in pertinent part:

"A. The printed form of a policy of fire insurance as set forth in subsection G of this section shall be known and designated as the standard fire insurance policy to be used in the State of Oklahoma....
G. The form of the standard fire insurance policy, with permission to substitute for the word 'company' a more accurate descriptive term for the type of insurer, shall be as follows: ... IN CONSIDERATION OF THE PROVISIONS AND STIPULATIONS HEREIN OR ADDED HERETO AND OF the premium above specified, this Company, for the term of ... does insure ... to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss ... DIRECT LOSS BY FIRE ..." [Emphasis in original.]

3. Title 30 O.S.2001 § 4804 providing:

"No insurance company shall, knowingly, issue any fire insurance policy upon property within this state for an amount which, with any existing insurance thereon, exceeds the fair value of the property. If buildings insured against loss by fire, and situated within this state, are totally destroyed by fire, the company shall not be liable beyond the actual value of the insured property at the time of the loss or damage, and if it shall appear that the insured has paid premiums on an amount in excess of said actual value, the assured [sic] shall be reimbursed the proportionate excess of premiums paid on the difference between the amount named in the policy and said actual value, with interest at six per centum per annum from the date of issue."

4. *St. Louis I. M. & S. Ry. Co. v. Weldon*, see note 21, infra; *Fire Ass'n of Philadelphia v. Farmers Gin Co.*, see note 18, infra.

5. *South Carolina Elec. & Gas Co. v. Aetna Ins. Co.*, see note 22, infra; *New York Cent. Mut. Fire*

which dictate that legislative intent is to be ascertained from the entirety of the statutory enactment;[6] and 4) our case law rejecting the argument that the terms "fair value" and "actual value" contained in 36 O.S.2001 § 4804 should be treated as consistent with fair market value.

## CERTIFIED FACTS[7] AND PROCEDURAL BACKGROUND

¶ 3 In 2001, the plaintiff/appellee, Clarence Tyler (Tyler/insured), paid $35,000 for rental property located in Oklahoma City. When Tyler applied for non-owner occupied insurance with the defendant/appellant, Shelter Insurance Company (Shelter/insurer), he indicated that the purchase price for the property was $40,000. Shelter insured the property for that value beginning on September 30, 2001, renewing the policy again in 2002 and in 2003.

¶ 4 The following year, Shelter renewed the policy with an increased dwelling limit of liability of $44,500. The increase was based on inflation rates and increased construction costs in the Oklahoma City area.

¶ 5 In the spring of 2005, Tyler sought to refinance the property for $61,750. Before loan approval, the insured was required to show evidence of insurance in the amount of $67,000. At Tyler's request and based on an appraisal, Shelter issued the policy on April 26, 2005. On June 1, 2005, Tyler closed the loan, receiving $26,734.79 in cash. None of these proceeds were put into the property, but the insured had improved the property prior to the refinancing.

¶ 6 The house had been vacant for approximately a year when it was destroyed by fire on January 28, 2006. Shelter representatives inspected the property on January 31st

determining it was a total loss. On February 9, 2006, the insurer's appraiser placed an actual value of the property at $28,500. The following month, Shelter paid Tyler $27,500, an amount taking into consideration the policy's $1,000 deductible. The insurer also refunded the excess premiums pursuant to 36 O.S.2001 § 4804.[8]

¶ 7 Shelter filed a motion for summary judgement and a motion to certify questions of law in the district court. The certification motion was granted. Recognizing that the lawsuit involved unsettled issues of Oklahoma law, the United States District Court for the Western District filed its order of certification pursuant to the Revised Uniform Certification of Questions of Law Act, 20 O.S.2001 §§ 1601, et seq. with this Court on September 28, 2007. We set a briefing cycle which was concluded on November 19, 2006, with the simultaneous filing of the parties' answer briefs.

¶ 8 **THE TERM "ACTUAL CASH VALUE" INCLUDED WITHIN OKLAHOMA STANDARD FIRE INSURANCE POLICIES PURSUANT TO 36 O.S. Supp.2003 § 4803 IS SYNONYMOUS WITH THE TERMS "FAIR VALUE" AND "ACTUAL VALUE" FOUND IN 36 O.S.2001 § 4804.**

### a) Policy and statutory provisions at issue.

¶ 9 The policy in effect when the property was destroyed contains provisions defining the term "actual cash value" and provides the manner in which losses are to be settled. Actual cash value is defined as "the amount which it would cost to repair or replace damaged property with material of like kind and quality, less allowance for physical deteriora-

*Ins. Co. v. Diaks,* see note 22, infra; *Lampe Market Co. v. Alliance Ins. Co.,* see note 22, infra; *Swanson v. Board of Equalization of Fillmore County,* see note 22, infra; *McIntosh v. Hartford Fire Ins. Co.,* see note 22, infra; *McAnarney v. Newark Fire Ins. Co.,* see note 22, infra; *Third Nat'l Bank v. American Equitable Ins. Co. of New York,* see note 22, infra.

6. *McSorley v. Hertz Corp.,* see note 12, infra; *Oglesby v. Liberty Mut. Ins. Co.,* see note 12, infra; *Smicklas v. Spitz,* see note 11, infra.

7. In answering a certified question, the Court does not presume facts outside those offered by the certification order. *In re Harris,* 2002 OK 35, ¶ 4, 49 P.3d 710; *Jones v. University of Central Oklahoma,* 1995 OK 138, ¶ 5, 910 P.2d 987. Although we will neither add nor delete such facts, we may consider uncontested facts supported by the record. See, *In re Harris,* this note, supra.

8. Title 36 O.S.2001 § 4804, see note 3, supra.

tion and depreciation." The policy also provides that losses will be settled as follows:

"(a) Losses will be settled at the actual cash value of damaged property at the time of loss.

We will pay not more than the smaller of the following:

(1) the cost to repair or replace the damaged property with property of like kind and quality; or

(2) the limits of liability of this policy."

In addition, the amendatory endorsements to the policy provide that the policy includes standard fire insurance endorsements for an Oklahoma fire insurance policy.

¶ 10 Title 36 O.S. Supp.2003 § 4803 provides in pertinent part:

"A. The printed form of a policy of fire insurance as set forth in subsection G of this section shall be known and designated on the standard fire insurance policy to be used in the State of Oklahoma. . . .

G. The form of the standard fire insurance policy, with permission to substitute for the word 'company' a more accurate descriptive term for the type of insurer, shall be as follows:

. . . IN CONSIDERATION OF THE PROVISIONS AND STIPULATIONS HEREIN OR ADDED HERETO AND OF the premium above specified, this Company, for the term of . . . does insure . . . to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss . . . DI-

RECT LOSS BY FIRE . . ." [Emphasis in original.]

Section 4804 provides:

"No insurance company shall, knowingly, issue any fire insurance policy upon property within this state for an amount which, with any existing insurance thereon, exceeds the fair value of the property. If buildings insured against loss by fire, and situated within this state, are totally destroyed by fire, the company shall not be liable beyond the actual value of the insured property at the time of the loss or damage, and if it shall appear that the insured has paid premiums on an amount in excess of said actual value, the assured [sic] shall be reimbursed the proportionate excess of premiums paid on the difference between the amount named in the policy and said actual value, with interest at six per centum per annum from the date of issue."

### b) Party contentions and analysis.

¶ 11 Tyler contends that the term "actual cash value" utilized in the policy and the terms "fair value" and "actual value" found in § 4804 are synonymous. Shelter argues that the terms "fair value" and "actual value" in the statutory enactment control and that the terms mean nothing more than the property's fair market value immediately before the fire loss. Nevertheless, Shelter and Tyler agree that if the insured is correct, the insurer owes an additional $23,500 for a total payment of $52,000. The $52,000 figure represents the amount to replace Tyler's property less depreciation.[9]

¶ 12 In determining whether a statute applies to a given set of facts, we focus on legislative intent [10] which controls statutory interpretation.[11] Intent is ascertained from

9. Shelter's Brief on Certification of Questions of State Law to the Oklahoma Supreme Court, filed on October 29, 2007, providing in pertinent part at p. 11:

"... The parties agree that if the policy controls, Shelter owes Tyler an additional $23,500.00 . . . ."

Admissions in a brief may be regarded as a supplement to the appellate record. *Matter of Adoption of M.J.S.*, 2007 OK 43, fn. 17, 162 P.3d 200; *King v. King*, 2005 OK 4, fn. 31, 107 P.3d

570; *Keating v. Edmondson*, 2001 OK 110, fn. 21, 37 P.3d 882.

10. *McClure v. ConocoPhillips Co.*, 2006 OK 42, ¶ 12, 142 P.3d 390; *Nealis v. Baird*, 1999 OK 98, ¶ 55, 996 P.2d 438; *Cooper v. State ex rel. Dept. of Public Safety*, 1996 OK 49, ¶ 10, 917 P.2d 466.

11. *Smicklas v. Spitz*, 1992 OK 145, 846 P.2d 362; *Clifton v. Clifton*, 1990 OK 88, ¶ 7, 801 P.2d 693; *Fuller v. Odom*, 1987 OK 64, ¶ 4, 741 P.2d 449.

the whole act in light of its general purpose and objective [12] considering relevant provisions together to give full force and effect to each.[13] The Court presumes that the Legislature expressed its intent and that it intended what is expressed.[14] Only where the legislative intent cannot be ascertained from the statutory language, i.e. in cases of ambiguity or conflict, are rules of statutory construction employed.[15]

¶ 13 In determining the certification of a class action in *Scoufos v. State Farm Fire & Casualty Co.*, 2001 OK 113, 41 P.3d 366, this Court considered the statutory language of 36 O.S.1991 § 4084.[16] In so doing, we held that the provision clearly reflected that the Legislature intended its application to be conditioned upon the insured property being totally destroyed by fire.

¶ 14 *Scoufos* did not address whether the terms "fair value" and "actual value" in § 4804 should be considered synonymous with the term "actual cash value" utilized in § 4803 and standard Oklahoma fire insurance policies. As to the meaning of these terms, the language of the two statutes is not so clear as to be beyond interpretation.

¶ 15 *Rochester American Ins. Co. v. Short*, 1953 OK 4, 252 P.2d 490 is instructive. Like here, the property in Rochester was totally destroyed by fire. The trial judge in Rochester instructed the jury that the insured was entitled to recover the actual cash value of the property in the event of a total loss. The trial judge went on to define the term "actual cash value" as:

"'The actual cash value of a building is the cost of replacing said building with material of like kind and quality less depreciation. In arriving at the amount of depreciation you shall consider the age of the building, the condition in which it was maintained, and changes in the neighborhood which might affect the value of the building and any other facts and circumstances which affect the value of the property.'"

¶ 16 The statutes in effect, under which the jury was instructed to determine the actual cash value of the property destroyed, utilize language virtually identical to that found in §§ 4803 and 4804, supra. The Rochester Court considered the statutory language of 36 O.S.1941 § 241 providing in pertinent part:

"... If buildings insured against loss by fire, and situated within this State, are totally destroyed by fire, the company shall not be liable beyond the actual value of the insured property at the time of the loss or damage ..."

Section § 244.1 provided that the company would insure the property "to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss ..." Relying on the language of these statutes, the Court held that actual cash value of a building totally destroyed by fire was a matter of fact to be determined by a consideration of all relevant factors and circumstances existing at the time of the loss. In so doing, it treated the terms "actual value" found in § 241 and "actual cash value" utilized in § 244.1 as synonymous.[17]

¶ 17 The position taken by the *Rochester* Court reflects the historical application in Oklahoma of the term "actual cash value" in

12. *McSorley v. Hertz Corp.*, 1994 OK 120, ¶ 6, 885 P.2d 1343; *Oglesby v. Liberty Mut. Ins. Co.*, 1992 OK 61, ¶ 8, 832 P.2d 834; *Smicklas v. Spitz*, see note 11, supra.

13. *Haney v. State*, 1993 OK 41, ¶ 5, 850 P.2d 1087; *Public Serv. Co. of Oklahoma v. State ex rel. Corp. Comm'n*, 1992 OK 153, ¶ 8, 842 P.2d 750.

14. *Minie v. Hudson*, 1997 OK 26, ¶ 7, 934 P.2d 1082; *Fuller v. Odom*, see note 11, supra; *Darnell v. Chrysler Corp.*, 1984 OK 57, ¶ 5, 687 P.2d 132.

15. *Oklahoma Ass'n for Equitable Taxation v. City of Oklahoma City*, 1995 OK 62, ¶ 5, 901 P.2d 800,

cert. denied, 516 U.S. 1029, 116 S.Ct. 674, 133 L.Ed.2d 523 (1995); *Wilson v. State of Oklahoma ex rel. Oklahoma Tax Comm'n*, 1979 OK 62, ¶ 5, 594 P.2d 1210; *Affiliated Mgt. Corp. v. Oklahoma Tax Comm'n*, 1977 OK 183, 570 P.2d 335.

16. The only difference between the 1991 version of § 4084 and the current version is that in the 2001 amendment, the phrase "nor for a longer term than five years" was deleted following the phrase "the fair value of the property."

17. On the same day that *Rochester American Ins. Co. v. Short*, 1953 OK 4, 252 P.2d 490 was decided, the Court issued a *per curiam* opinion in *National–Ben Franklin Fire Ins. Co. v. Short*,

relation to fire indemnity policies.[18] More recently, in *Branch v. Farmers Ins. Co.*, 2002 OK 16, ¶¶ 6–9, 55 P.3d 1023, we confirmed that the term "actual cash value" as construed by the Rochester Court had a specific, unambiguous meaning; and in *Redcorn v. State Farm Fire & Casualty Co.*, 2002 OK 15, ¶ 6, 55 P.3d 1017, the Court determined that the term "actual cash value" used in a standard fire insurance policy and that included within 36 O.S. Supp.2003 § 4083 [19] must be construed to have the same meaning.[20]

¶ 18 The insurer's assertion that the terms "fair value" and "actual value" contained in 36 O.S.2001 § 4804 should be construed as equivalent to the term "fair market value" is

unconvincing. Oklahoma courts have not considered "actual cash value" as synonymous with "market value" or what the property would have brought at sale.[21] Other jurisdictions agree that the term "actual cash value" in an insurance policy should not be restricted to the "market value of the property" but should be considered as the actual value of property expressed in terms of money [22] or the real value to replace.[23] The phrase also has been found to be synonymous with "sound value" [24] and with "fair and reasonable cash value." [25]

## CONCLUSION

¶ 19 The term "actual cash value" included within Oklahoma standard fire insurance pol-

1953 OK 5, 252 P.2d 495, considering the same statutory framework as that presented in *Rochester*, this note, supra, and coming to the same determination. *Short* holds that under the statute providing that where buildings are totally destroyed by fire, an insurer shall not be liable beyond the actual value of the insured property at the time of loss, and that an insurer insures the property to the extent of the actual cash value thereof at the time of loss, but not exceeding an amount necessary to repair or replace property with material of like kind and quality within a reasonable time after the loss with consideration given in ascertaining the loss to appreciation and depreciation of the insured property.

18. This seems to be the same position the Court took in cases predating *Rochester American Ins. Co. v. Short*, see note 17, supra. See, *Chicago R.I, & P. Ry. Co. v. Galvin*, 1916 OK 748, 158 P. 1153 [The measure of damages for the loss of a building destroyed by fire is the actual cash value of the building at the time and place of its destruction.]; *Chicago, R.I. & P. Ry. Co. v. Quigley*, 1916 OK 341, 156 P. 669 [Ordinarily the measure of damages for the destruction of a building by fire arising from negligence is the actual cash value of the building at the time of the loss.]; *St. Louis, I. M. & S. Ry. Co. v. Weldon et ux*, 1913 OK 522, 135 P. 8 [The measure of damages for loss of a building by fire is the actual cash value at the time of the loss and not its market value or what someone would have paid for it.]; *Fire Ass'n of Philadelphia v. Farmers Gin Co.*, 1913 OK 503, 134 P. 443 [The measure of damages in case of loss by fire, if the property destroyed is a building, is not the market value of the building at time of the loss, nor what someone would have paid for it, but the actual cash value of the property at the time of the loss.].

19. Title 36 O.S. Supp.2003 § 4803, see note 2, supra.

20. See also, *Crisp v. Security Nat'l Ins. Co.*, 369 S.W.2d 326 (Tex.1963) [Actual cash value and actual value of property treated as synonymous.]. Not at issue here is the question which divided the Court in *Branch v. Farmers Ins. Co.* 2002 OK 16, 55 P.3d 1023 and *Redcorn v. State Farm Fire & Casualty Co.*, 2002 OK 15, 55 P.3d 1017, i.e. the depreciation of labor costs.

21. *St. Louis I.M. & S. Ry. Co. v. Weldon*, 1913 OK 522, 135 P. 8; *Fire Ass'n of Philadelphia v. Farmers Gin Co.*, see note 18, supra. See also, *Connecticut Fire Ins. Co. of Hartford, Conn. v. Youngblood*, 1947 OK 224, ¶ 13, 184 P.2d 792 [Any consideration of market value could only be based on the location of a purchaser who would give the highest price.].

22. *South Carolina Elec. & Gas. Co. v. Aetna Ins. Co.*, 238 S.C. 248, 120 S.E.2d 111 (1961); *New York Cent. Mut. Fire Ins. Co. v. Diaks*, 69 So.2d 786 (Fla.1954)); *Lampe Market Co. v. Alliance Ins. Co.*, 71 S.D. 120, 22 N.W.2d 427 (1946); *Swanson v. Board of Equalization of Fillmore County*, 142 Neb. 506, 6 N.W.2d 777 (1942); *McIntosh v. Hartford Fire Ins. Co.*, 106 Mont. 434, 78 P.2d 82, 115 A.L.R. 1164 (1938); *McAnarney v. Newark Fire Ins. Co.*, 247 N.Y. 176, 159 N.E. 902, 56 A.L.R. 1149 (1928); *Third Nat'l Bank v. American Equitable Ins. Co. of New York*, 27 Tenn.App. 249, 178 S.W.2d 915 (1943).

23. *London v. Insurance Placement Facility of Pennsylvania*, 703 A.2d 45 (Pa.Super.1997), appeal denied, 553 Pa. 707, 719 A.2d 747 (1998).

24. *Patriotic Order Sons of America v. Hartford Fire Ins. Co.*, 308 Pa. 107, 157 A. 259, 78 A.L.R. 899 (1931).

25. *In re Taxes B.P. Bishop Estate*, 33 Haw. 149 (1934). See also, *Orpheum Circuit, Inc. v. Los Angeles County*, 12 Cal.App.2d 257, 55 P.2d 901 (1936) [The terms "actual cash value" and "full cash value" construed as synonymous.]

icies pursuant to 36 O.S. Supp.2003 § 4803[26] is synonymous with the terms "fair value" and "actual value" found in 36 O.S.2001 § 4804.[27] The answer is supported by both Oklahoma and extant jurisprudence from other states, rules of statutory construction and this Court's rejection of the argument that the terms "fair value" and "actual value" should be treated as consistent with "fair market value" in standard fire insurance policies.

**CERTIFIED QUESTION ANSWERED.**

EDMONDSON, V.C.J., HARGRAVE, OPALA, KAUGER, WATT, TAYLOR, COLBERT, REIF, JJ., concur.

WINCHESTER, C.J., dissents.

---

**26.** Title 36 O.S. Supp.2003 § 4803, see note 2, supra.

**27.** Title 36 O.S.2001 § 4804, see note 3, supra.