89   325
95   107

# The State *v.* Bienville Water Supply Company.

*Assessment of Taxes against Water-Works Company.*

1. *Proof of value of property, for purposes of taxation.*—In fixing the taxable value of property, under statutory provisions (Sess. Acts 1886-7, p. 11), the inquiry is directed (1) to its market value at a sale for cash (not a forced sale), and (2) its productiveness, or profit-yielding capacity; and when the issue is as to the taxable value of the property of a corporation supplying water to a city through its water-works, "begun and completed within less than three years before," the cost of the works can not be proved as an element of value within the issue.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. WM. E. CLARKE.

[The State v. Bienville Water Supply Co.]

In the matter of the assessment of taxes, for the year 1889, against the Bienville Water Supply Company, a private corporation furnishing water to the city of Mobile through its water-works. The corporation returned the value of its property to the assessor at $250,000, but, on his motion and objection, the court of County Commissioners, sitting as a board of equalization, raised the value to $400,000. The corporation excepted to this ruling and decision, and took an appeal to the Circuit Court; and on the trial in that court, the valuation was again reduced to $250,000. "The issue being," as the bill of exceptions states, "what was the fair market value, or real value of the property—that is, the value which would be realized by a cash sale"—the plaintiff offered in evidence an affidavit "made by the managing engineer of the company during the construction of its works, as tending to show the cost of said works to the defendant." On objection by the defendant, the court allowed the affidavit to go to the jury," as tending to show of what the defendant's property consisted, but not to show what the property had cost the defendant;" to which ruling plaintiff excepted. "It was shown that defendant's works had been begun and completed within less than three years before the trial." On cross-examination of Dr. Ketchum, the president of the defendant corporation, plaintiff's counsel asked him, "if said works did not cost defendant more than $600,000;" stating to the court that he offered the evidence "as a circumstance to which the jury might look in estimating the value." The court sustained an objection to the question, and would not allow it to be answered; and plaintiff excepted.

The rulings on evidence are now assigned as error.

HANNIS TAYLOR, for appellant, cited *Rochester v. Chester*, 3 N. H. 349; *Whipple v. Walpole*, 10 N. H. 131; *Railroad Co. v. Perkins*, 17 Mich. 296; *Turner v. Howard College*, 71 Ala. 430; Thompson on Trials, vol. 1, p. 342.

OVERALL & BESTOR, *contra*, moved to dismiss the appeal, on the ground that it was taken without authority of law.

STONE, C. J.—Our statute, Sess. Act 1886-7, p. 11, declares that, in hearing objections to valuations fixed by the assessor for tax assessment, the court of County Commissioners "shall receive only evidence touching the fair market or real value of the property, and shall take into considera-

[The State v. Bienville Water Supply Co.]

tion its character, whether improved or not, its surroundings, and, if it is productive, the amount of its average annual yield." Construing this language in the light of the purpose the legislature must have had in view, it would seem that they intended, in fixing the taxable value of the property, to give prominence to two inquiries: first, its cash, market value—the price it would sell for at cash sale, but not at forced sale; second, its productiveness, or profit-yielding capacity. In this second phase of the inquiry, its present productiveness of profits, and not its possible future yield, is to be taken into consideration. So, in reference to the first of the inquiries, its present, and not its possible future market, or real value, is one of the factors in determining its taxable value. And in these two controlling inquiries, the surroundings of the property and its condition as to improvements, enter into the account. These two principles, at last, are but methods for carrying into effect the great purpose of equal, *ad valorem* taxation—equality of burdens, as nearly as general legislative direction can accomplish it. Exact equality is unattainable.

The question in this case was raised on the inquiry of the taxable value of the property of the Bienville Water Supply Company in 1889. A motion had been made to raise the valued basis of assessment from two hundred and fifty thousand dollars, the price at which it had been rendered in, to four hundred thousand dollars. As a means of proving value, a witness was asked if the plant and works had not cost more than six hundred thousand dollars. This question was objected to, the objection sustained, and an exception reserved. This is the sole question raised by this record. The works of the Water Supply Company were constructed several years before 1889.

There are cases in which it has been held that the cost of an article or commodity is legal evidence on the inquiry of its value. In the few cases, however, which assert this doctrine, it will be found generally that the article was not a subject of commerce. In the case in our own reports, the subject of contention was an invested charity—a perpetual scholarship in an educational institution.—*Howard College v. Turner*, 71 Ala. 429. So, in the Texas case, family portraits and pictures, lost or destroyed on the railroad, were the subject of the suit.—*Houston & T. Cen. R. R. Co. v. Burke*, 55 Tex. 323; s. c., 40 Amer. Rep. 808. It can not be supposed that the subject in controversy, in either of these

cases, was an article of trade, or had a market value. Nor were they owned or kept as a source of pecuniary profit. They had no market value, and yielded no income. *Green v. Boston & L. R. R. Co.*, 108 Mass. 221; 35 Amer. Rep. 370, was also a suit for the loss of a family portrait. In cases of this class, it would seem that the measure of recovery ought to be the cost of reproducing the article lost, if its reproduction were possible. The case of *Whipple v. Walpole*, 10 N. H. 130, sheds no light on this question. That was a suit for the value of horses, lost through the negligence of the defendant. The injury was done near Charlestown in New Hampshire. For the purpose of fixing the value of the horses, a witness was asked "what horses like those lost or injured cost at Charlestown." The witness was allowed to answer, and defendant excepted. The New Hampshire court held there was no error in this, remarking that the testimony had "reference to actual sales, and presupposes that the witness has knowledge of the sale of horses at that place."

We have found a single case—*Dowdall v. Penn. R. R. Co.*, 13 Blatch. 403—which sustains appellant in its claim to have the testimony admitted on general principles, and without reference to any peculiar characteristics of the property. That was a circuit decision, and no authorities are cited in support of it. Against the doctrine as a general proposition, see the following authorities: *Cothers v. Keever*, 4 Barr (Pa.), 168; *Waterson v. Seat*, 10 Fla. 326; *Kansas Stock Yard Co. v. Couch*, 12 Kans. 612; 2 Whart. Ev. §§ 1290-91; 1 *Ib.* 447-8; 2 Greenl. Ev. § 261.

It is not our intention to assail or weaken the ruling in *Howard College v. Turner*, 71 Ala. 429. In cases of that character, the rule there declared would appear to be a necessity. Nor will we say, where the valuation follows close upon the purchase or construction, whether or not the cost may be proved, in many cases, as shedding light on the question of value. On this broad general proposition we decide nothing. But, in this age of speculations, of inflations, of booms, and of magic cities, it would, in very many cases, be a great injustice to the commonwealth, and in not a few to the tax-payer, to allow the purchase price (when the property yields an income, or is susceptible of valuation) to enter, as a rule, into the estimate of its taxable value. We feel no hesitation in holding that it is not a proper factor in determining either the market or real value of the

[Carlisle v. Killebrew.]

plant and works of the Bienville Water Supply Company, or of its profit-yielding capacity.

There is no error in the record, and the judgment of the Circuit Court must be affirmed.