NATHAN BERLAIWSKY *vs.* HYMAN ROSENTHAL.

Kennebec.    Opinion March 4, 1908.

*Sales.   Terms of Payment.   Presumptions.   Vendor may Repossess Himself of Goods Sold, When.   Subsequent Purchaser.*

In the absence of agreement or understanding between the parties, as to terms of payment, the law presumes a sale to be a cash sale, that is, a sale conditioned on payment concurrent with delivery, and not a sale on credit, and a delivery in such case, f. o. b. car, as agreed, made in expectation of immediate payment, will not vest the title in the purchaser, and if payment, is not made, the vendor may repossess himself of the goods sold, and sell them to another.

On exceptions by defendant.    Sustained.

Replevin for three tons of old iron junk, brought in the Superior Court, Kennebec County.    Plea, the general issue with brief statement alleging "that the title to the property at the time of the alleged taking and at the time of replevying the same was in the defendant and not in the plaintiff."

Tried at the June term, 1907, of said Superior Court.    Verdict for plaintiff.    The defendant excepted to certain instructions given by the presiding Justice in his charge to the jury.

The case appears in the opinion.

*Fred W. Clair*, for plaintiff.

*Brown & Brown*, for defendant.

SITTING:   EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, JJ.

SAVAGE, J.    Action of replevin for three tons of iron.   The plaintiff bought the iron of one Weiner on a certain Wednesday at an agreed price to be delivered f. o. b. car at Anson to be shipped to Waterville.    Weiner loaded the iron on the car, and on the Monday following, while the car was still at Anson, he sold and delivered the iron to the defendant, who then shipped it to Water-

ville, where it was replevied by the plaintiff. The question tried was, which party had title.

At the trial, there was evidence from which the jury might have found properly, if they believed it, that the sale by Weiner to the plaintiff was understood as a cash sale, that the plaintiff was to send a check for it, and that Weiner held the iron at Anson until the check should be received. If so, the sale was conditional on payment, and if no payment, unless payment was waived for the time being, the title to the iron did not pass to the plaintiff. *Stone* v. *Perry*, 60 Maine, 48; *Seed* v. *Lord*, 66 Maine, 580. And in such case, the vendor after a reasonable time, if payment was not made, might lawfully sell to another. But the verdict of the jury for the plaintiff negatived necessarily this proposition.

There was also evidence coming from the plaintiff himself tending to show that nothing whatever was said between the plaintiff and Weiner as to when the iron was to be paid for, and that there was no understanding as to the terms of payment. Upon this phase of the case, the presiding Judge instructed the jury in substance that, if the iron was sold by Weiner to the plaintiff without any understanding as to the terms of the payment, and if it was delivered on the car directed to the plaintiff in pursuance of their agreement, then the iron belonged to the plaintiff, that the contract between them was completed, and that if nothing more was said as to the terms of payment the plaintiff had the right to the possession of the iron under the agreement, whether he sent his check for it or not. To these instructions the defendant has excepted.

The exceptions must be sustained. The court below seems to have proceeded upon the theory that when a sale is made without any agreement or understanding as to terms of payment, it is to be deemed a sale on credit, in which case a delivery f. o. b. on car, as agreed, would completely vest the title in the purchaser. But this is directly opposed to the doctrine declared in *Furniture Co.* v. *Hill,* 87 Maine, 17, where it was said that under such circumstances, "the law presumes that the parties intended to make the payment of the price and the delivery of the possession concurrent conditions. The plaintiff's," (who were the vendors in that case), "would have

had the right to retain possession until the purchaser had been ready to perform his part of the contract. Or, if the goods had been delivered with expectation of immediate payment, and this had not been done, the plaintiffs had the right to retake possession of the goods."

In the absence then of agreement or understanding, as to terms of payment, the law presumes a sale to be a cash sale, that is, a sale conditioned on payment concurrent with delivery, and not a sale on credit, and a delivery in such case, f. o. b. on car, as agreed, made in expectation of immediate payment, will not vest the title in the purchaser, and if payment is not made, the vendor may repossess himself of the goods sold.

By this rule, under the evidence in this case, which is made a part of the bill of exceptions, if the jury had found, as they well might have found from the testimony of the plaintiff himself, that nothing whatever was said or understood between him and Weiner in regard to terms of payment, the jury would have been warranted in finding that the title to the iron was in the defendant, and not necessarily in the plaintiff as they were in effect instructed. The instructions were therefore erroneous and prejudicial.

*Exceptions sustained.*