(76 South. 932)

FARMERS' SAV. BANK v. MURPHREE.
(6 Div. 553.)

(Supreme Court of Alabama.   Nov. 15, 1917.)

1. MORTGAGES ⬤⟳244(1)—MORTGAGE NOTES—TRANSFER.

Mortgagee's transfer of one of several notes, secured by the mortgage, gives to it priority in satisfaction out of the mortgage security, and arms the transferee with power to foreclose the mortgage.

2. MORTGAGES ⬤⟳369(2) — FORECLOSURE — SALE.

Equity does not set aside foreclosure sales merely for trifling irregularities in notice or procedure, which do not appear capable of prejudice to the mortgagor or those claiming under him.

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. MORTGAGES ⟐➡354, 361 — FORECLOSURE — SALE.

A sale for foreclosure of a mortgage, unless otherwise stipulated, is always to be for cash; so the failure to specify the terms of the sale did not prejudice those interested in the security.

4. MORTGAGES ⟐➡369(2) — FORECLOSURE — SALE.

As the sale of mortgaged property on credit tends to increase the number of bidders and enhance the price, a sale of the mortgaged premises on credit, though notice was for sale on cash, does not warrant vacation.

5. MORTGAGES ⟐➡350—FORECLOSURE—SALE.

Where, pursuant to the provisions of the mortgage, foreclosure sale was had at a scattering crossroad settlement, the parties, having agreed on the place, cannot complain, though the name of the settlement might have included a whole precinct.

6. MORTGAGES ⟐➡356—FORECLOSURE—NOTICE.

Where notices were posted in two public places in the county, and the mortgage did not require notice of sale in the precinct or the locality where the land to be sold under foreclosure was located, a sale will not be vacated, because of the omission of such notice.

7. MORTGAGES ⟐➡369(2) — FORECLOSURE — SALE.

Where the holder of notes secured by a mortgage transferred one of them, and the transferee foreclosed the mortgage, the transferee's failure to pay over surplus proceeds to the mortgagee is no ground for vacating the sale.

8. MORTGAGES ⟐➡263—FORECLOSURE—RIGHTS OF PARTIES.

Where a mortgagee transfers one of the several notes secured, his rights are those of a junior incumbrancer, and after foreclosure sale by the transferee he may recover surplus proceeds by an action of assumpsit.

9. EQUITY ⟐➡43—RELIEF—ADEQUATE REMEDY AT LAW.

Where a party has a plain and adequate remedy at law by assumpsit, he is not entitled to resort to equity.

10. EQUITY ⟐➡427(1) — RELIEF — PLEADING —PRAYER.

No relief can be granted on account of a prayer unsupported by any of the allegations in the bill.

11. EQUITY ⟐➡41 — ACTION — RETENTION OF JURISDICTION.

Where a mortgagee transferred one of the several notes secured, and the transferee sold the premises, and the mortgagee sued to vacate the sale, equity will not, the mortgagee having an adequate remedy at law, and not being entitled to have the sale vacated, retain jurisdiction to enable the mortgagee to recover surplus proceeds of sale.

Appeal from Chancery Court, Blount County; A. H. Benners, Chancellor.

Bill by John M. Murphree against the Farmers' Savings Bank to set aside a mortgage foreclosure sale, for resale, and to be allowed to redeem from said sale, or to have a decree for the amount of the purchase money over the amount due to the appellant's bank. Decree for complainant, and respondent appeals. Reversed and rendered.

The facts and the relations of the parties are as follows: Murphree was the payee and owner of five promissory notes for $300 each, due, respectively, November 15, 1914, 1915, 1916, 1917, and 1918, which were secured by a single mortgage. In January, 1914, Mur-phree sold, transferred, and delivered the first note to the appellant, Farmers' Savings Bank, for a valuable consideration, and with it delivered also the mortgage deed, retaining the other four notes. On June 4, 1915, the transferred note being overdue, the bank sold the mortgaged land under power of sale, itself becoming the purchaser for $625. On September 18, 1915, the bill of complaint was filed, and on December 8, 1915, said bank sold and conveyed the land to one W. F. Warren. The bill of complaint does not show who became the purchaser at foreclosure sale, nor who was the owner when it was filed, nor does it make any tender of the amount due from redemption of the sale, nor offer any excuse for not making such a tender. The irregularities charged as invalidating the sale are: (1) That the notice of sale did not show that the sale would be for cash; (2) that it did not designate the particular points in "Joy" (the place of sale described in the mortgage, and in the notice) where the sale would be had, "Joy" being a community and a precinct; (3) that no notice was posted in the precinct where the sale was made; and (4) said bank did not offer to pay over to complainant the surplus purchase money over its own demand. Demurrers were incorporated in the answer, and on final submission on pleading and proof the chancellor set aside the foreclosure sale, and ordered a resale by the register for the satisfaction: First, of the note due the bank; and, second, of the balance due said Murphree.

Russell & Johnson, of Oneonta, for appellant. Ward & Weaver, of Oneonta, for appellee.

SOMERVILLE, J. [1] By his transfer of one of the mortgage notes to appellant bank the mortgagee, Murphree, not only gave to it priority in its satisfaction out of the mortgage security, but he also armed the transferee with the right and power to proceed to a foreclosure of the mortgage, pursuant to its powers, for such satisfaction. Brewer v. Atkeison, 121 Ala. 410, 413, 25 South. 992, 77 Am. St. Rep. 64; Cullum v. Erwin, 4 Ala. 452.

[2] The decree of the chancellor does not indicate upon what ground appellant's foreclosure sale was held as invalid and set aside. Equity does not set aside foreclosure sales merely for trifling irregularities in notice or procedure, which do not appear capable of prejudice to the mortgagor, or those claiming under him.

[3, 4] This sale was made for cash, and, conceding that the notice omitted to specify that the land would be sold for cash, this was incapable of prejudice either to the mortgagor or the mortgagee, so far as here appears. A sale, unless otherwise stipulated, is always intended to be for cash. But in any case it is fully settled by our decisions, since the ex-

tension of credit to the purchaser rather tends to increase the number of bidders and enhance the price, that even a sale on credit, though expressly authorized for cash, is no ground for setting aside the sale. Mahone v. Williams, 39 Ala. 202, 215; Mewburn's Heirs v. Bass, 82 Ala. 622, 2 South. 520. A fortiori the ambiguity of this notice in this regard is not a cause for the invalidation of the sale.

[5, 6] The evidence fairly and satisfactorily shows that a certain crossroads where there was a store, and formerly a post office, and a scattering community, was known and designated as "Joy." Having agreed upon such a place, whether it be a crossroads or an entire precinct, neither party can complain of its indefiniteness or uncertainty of location. This objection is wholly without merit. It is, of course, not necessary to post a notice of sale in the precinct or locality where the land is situated, or where the parties reside. unless the mortgage so requires. Notices were posted by the bank in two public places in the county, and this was all that was required by the mortgage.

[7] The fact that the bank failed to pay over to Murphree the surplus proceeds of the sale has no bearing upon the validity of the sale, and is not a ground for its impeachment.

[8, 9] We think the foreclosure sale was clearly valid. As to the surplus proceeds, Murphree's rights are those of a junior mortgagee. For its recovery an action of assumpsit lies; and this remedy being plain and adequate, no resort to a court of equity is necessary. Webster v. Singley, 53 Ala. 208, 25 Am. Rep. 609; 27 Cyc. 1499, d.

[10, 11] There are no allegations in the bill to support the granting of relief by way of statutory redemption from the foreclosure sale, and hence the prayer for redemption is nugatory. The equity of the bill failing under the proof, it will not be retained for the mere collection of the surplus due to complainant, for which he has an adequate remedy at law.

It results that the decree of the chancery court must be reversed, and a decree will be here rendered denying the relief prayed for, and dismissing the bill of complaint.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.