### STATE v. WOODWARD. (6 Div. 387.)

(Supreme Court of Alabama. June 22, 1922.)

1. Taxation ⊙═347—"Fair and reasonable value," "value," "cash," as used in the Revenue Act, construed; "cash sale"; "cash value."

Gen. Acts 1919, p. 287, § 7, providing that taxable property shall be assessed 60 per cent. of its "fair and reasonable value," means the best price obtainable at a voluntary sale, to be paid at once in money, and excluding any additional amount that might be had were credit or terms allowed; "value" meaning the fair and reasonable value determinable by what the property would bring at a voluntary sale; "cash" being the antonym of credit, meaning not merely money, but money in hand, readily available, paid down, especially coin or government or bank notes; "cash sale" being a sale for ready money, goods, or stocks, for immediate delivery and payment, as distinguished from a credit sale or for future delivery; "cash value" importing value in money presently

paid (citing Words and Phrases, First Series "Actual Cash Value," and "Fair Cash Value").

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cash; Cash Sale; Cash Value; Value.]

2. Evidence ⊙═571(7)—Jury not bound by expert testimony in fixing a fair and reasonable value for taxation.

In determining the fair and reasonable value to be used for taxation purposes, a jury is not bound by the testimony of expert witnesses, but may exercise their common judgment in the light of all the evidence.

Appeal from Circuit Court, Jefferson County; A. E. Gamble, Judge.

Proceeding to assess property of H. G. Woodward for taxation. From verdict and judgment, the State appeals. Affirmed.

From an assessment of two buildings by the tax adjuster, the owner, Woodward, appealed to the board of revenue of Jefferson county, and from the decision of that board both the state and Woodward appealed to the circuit court.

The trial judge refused to give the following charge requested by the state:

"(3) The actual cash market value by which the law requires that property should be valued does not mean solely that the price should be paid in all cash at the time of the sale, but includes deferred payments on the purchase money."

At defendant's request the jury were instructed:

"(2) You are not bound by the testimony of expert witnesses, and in fixing the value of the property described in the complaint you may exercise your common judgment in the light of all the evidence."

And also:

"(6) You are not to fix a speculative value on the property described in the complaint, but the law requires of you to fix as a tax value as of October 1, 1919, 60 per cent. of the reasonable cash value, that is, what the property would sell for [for] cash by a vendor, who wanted to sell, purchased by a purchaser who wanted to purchase the property for a cash consideration."

The state moved for a new trial, on the grounds, among others, that the verdict was contrary to the law and the evidence; which motion was overruled.

The state appeals and assigns for error the rulings of the trial judge on the instructions noted, and the overruling of the motion.

Weatherly & Birch, of Birmingham, for the State.

The court erred in refusing charge No. 3 at appellant's request, and in giving charge 6 for appellee. 39 Cyc. 1118; 21 Ala. 224; 42 Mo. 198; 58 South. 520; 71 Mich. 16, 38

---

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

N. W. 639; 196 Mich. 189, 163 N. W. 90; 185 Mich. 668, 152 N. W. 1088; 37 Cyc. 1009; 19 Cyc. 310; 26 Cyc. 819. Charge 2, given for appellee, invaded the province of the jury. 162 Ala. 234, 50 South. 366.

Stokely, Scrivner & Dominick, of Birmingham, for appellee.

"Reasonable cash value" does not contemplate deferred payments. 1 Words and Phrases 152, 194; 41 La. Ann. 1156, 3 South. 507; 1 Words and Phrases, Second Series, 586; 37 Cyc. 1011. Charge 2, given for appellee was correct. 204 Ala. 484, 86 South. 546; 144 Ala. 470, 39 South. 512.

SOMERVILLE, J. [1] Under our older statutes, in proceedings before the commissioners' court for the correction of errors in the assessment of property for taxation, and on appeals therefrom to the circuit court, the issue was as to the "fair market or real value thereof," and on that basis the valuation was fixed. Code 1907, § 2148.

In State v. Bienville Water Supply Co., 89 Ala. 325, 8 South. 54, the language quoted was held to mean the property's "cash, market value—the price it would sell for at cash sale, but not at forced sale."

Section 7 of the Revenue Act approved September 15, 1919 (Gen. Acts 1919, pp. 282, 287), provides that—

"All taxable property within this state shall be assessed for the purpose of taxation at sixty per cent. of its fair and reasonable cash value."

Section 1 of the act, subd. i., declares:

"The term 'value' means the fair and reasonable cash value of the taxable property, and shall be estimated at the price which the property would bring at a fair voluntary sale."

In popular parlance the word "cash" ordinarily means not merely money, but money in hand. The New Standard Dictionary defines it as:

"(1) Current money in hand or readily available, especially coin or government notes and bank notes actually in one's possession. (2) Money paid down; immediate payment."

And the same authority defines "cash sale" as:

"A sale for ready money, goods or stocks, for immediate delivery and payment, as distinguished from a sale on credit, or for future delivery."

In its ordinary use, as applied to business transactions, "cash" is the antonym of "credit," and so the courts have generally understood and defined it.

"The phrase 'actual cash value' is practically synonymous with 'fair cash value.' The actual cash value of the property is the price it will bring in a fair market, after fair and reasonable efforts have been made to find a purchaser who will give the highest price. The actual cash value, then. is the fair or reasonable cash price for which the property can be sold in the market." 1 Words and Phrases, 152, citing numerous cases, among them, Birmingham Fire Ins. Co. v. Pulver, 126 Ill. 329, 18 N. E. 804, 9 Am. St. Rep. 598, 603. The distinction between a sale for cash and a sale on credit has often been recognized by this court. Mahone v. Williams, 39 Ala. 202; Mewburn's Heirs v. Bass, 82 Ala. 622, 2 South. 520; Farmers' Savings Bank v. Murphree, 200 Ala. 574, 76 South. 932.

We can find no good reason for imputing to the words "cash value," as used in the present statutes, a meaning which is opposed to the common as well as the judicial understanding of them. That they import value in money presently paid we cannot doubt; and it may be observed that if such was the legislative intention in the ascertainment of "the fair market or real value" of property for tax assessment, as declared in State v. Bienville, etc., Co., supra, that intention is surely not changed by substitution of the words "fair and reasonable cash value," which aptly and directly express the meaning formerly imputed by interpretation only.

Undoubtedly, a sale on credit would, as observed in Mahone v. Williams, 39 Ala. 202, 215, have a tendency "to increase the number of bidders and to enhance the price." And that enhancement would vary ad infinitum according to the minitude of the cash payment and the magnitude and duration of the credit. If a property like either of these could be bought for a cash payment of $1,000, for example, the balance of $999,000 to be paid in 20 years, a speculative element would be injected into its valuation, and the price obtainable on such liberal terms would be unduly swollen.

In our opinion, it is the purpose of the law to establish a simple and stable criterion for the valuation of property for taxation, and that in requiring assessments to be made on the basis of a "fair and reasonable cash value" it was intended to exclude the uncertainty and injustice of valuations based on credit. We hold, therefore, that charge 3 was properly refused to the state. We might justify the refusal of charge 3 on account of its technical inaptitude, lack of clearness, and tendency to mislead, but have preferred to deal with it on its merits as understood and argued by counsel.

For the reasons above stated, we must also hold charge 6, given for defendant, is a correct statement of the law as to valuation.

[2] Charge 2, given for defendant, states the rule correctly. and was properly given. United States v. Goodloe, 204 Ala. 484, 86 South. 546, citing the Alabama cases.

We have examined the evidence with due

care. It furnishes ample support for the verdict of the jury, and we are unable and unwilling to say that the verdict was contrary to either the law or the evidence in that degree which is necessary to justify its disturbance by this court on appeal.

We find no error in the rulings complained of, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.