(96 South. 906)

COMMERCIAL REALTY CO. v. STATE.

(6 Div. 673.)

(Supreme Court of Alabama.   June 9, 1923. Rehearing Denied June 30, 1923.)

Taxation ⊗⇒493(7)—Reproduction cost is inadmissible to fix valuation.

On trial before a jury on appeal as to the valuation of theater property for taxation, evidence of the reproduction cost of the building as of the valuation date was inadmissible where the building was susceptible of, and was used for, commercial gainful purposes, and had a market value as a subject of taxation.

Appeal from Circuit Court, Jefferson County; Den A. Greene, Judge.

Proceeding by the State of Alabama to assess the property of the Commercial Realty Company for taxation. From the judgment, defendant appeals. Reversed and remanded.

Rudulph & Smith, of Birmingham, for appellant.

The building having been shown to have been erected several years prior to October 1, 1919, evidence consisting of estimate as to cost of reproduction on that date was incompetent. State v. Bienville Water Co., 89 Ala. 325, 8 South. 54; Gouge v. Roberts, 53 N. Y. 619; 22 C. J. 177.

Harwell G. Davis, Atty. Gen., A. A. Evans, Asst. Atty. Gen., and Weatherly, Birch & Hickman, of Birmingham, for the State.

Evidence of reproduction cost on the first day of the tax year is admissible. People v. Dowd, 118 Misc. Rep. 588, 194 N. Y. Supp. 3; Am. Dig. 15A, 1922, § 348; State v. Weiher, 177 Wis. 445, 188 N. W. 598.

McCLELLAN, J. This is an appeal by the appellant, a taxpayer, from a valuation, for taxation, placed on its theater property in the city of Birmingham on a trial by jury in the Jefferson circuit court; to which the matter of valuation had been taken by appeal under the 1919 Revenue Law (Laws 1919, p. 282).

It appears that this property was susceptible of and was used for commercial, gainful purposes. The property had a market value as a subject of taxation. The court admitted testimony from the state's witness Allen, an expert in building construction, designed to show the reproduction cost of the theater building (a subject of separate listing under the Revenue Law of 1919, §§ 44, 45) as of the date of the valuation date, viz. October 1, 1919. The building had been constructed some years before that date, viz. 1912–13. Such evidence has been elsewhere held admissible for the purpose of affording data wherefrom, with other evidence, the trior of the issue of value may ascertain and fix the value for purposes of taxation. See 23 C. J. pp. 177, 178; State v. Weiher, 177 Wis. 445, 188 N. W. 598; People v. Dowd, 118 Misc. Rep. 588, 194 N. Y. Supp. 3. This court, however, in State v. Bienville Water Co., 89 Ala. 325, 8 South. 54, pronounced conclusions at variance with those elsewhere prevailing on the matter of evidence stated. It was decided in the Bienville Water Co. Case, supra, that evidence of the cost of original production of a water plant was inadmissible on an inquiry to ascertain and fix its value for the purposes of taxation. If evidence of the cost of production is inadmissible, then evidence of the cost of subsequent reproduction—as of the time to which the inquiry is referable—is likewise inadmissible. We have not discovered or been referred to any statutory regulation that would admit, on such an inquiry as is here under review, evidence of the cost of reproduction of the subject of investigation. On the authority of State v. Bienville Water Co., 89 Ala. 325, 8 South. 54, it must be held that the court erred in admitting evidence of the cost of reproduction given by the witness Allen.

The other errors assigned are without merit.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes