[Civ. No. 5330.  First Appellate District, Division One.—May 23, 1927.]

## R. L. PARRISH, Respondent, v. AMERICAN RAILWAY EMPLOYEES PUBLISHING CORPORATION, Appellant.

[1] Corporations—Permit to Issue Stock—Authorization to Sell for Cash Excludes Sale on Credit—Words and Phrases.— Where the permit of the corporation commissioner required the stock of a corporation to be issued "for cash," a sale of stock on credit is excluded; "cash" in its ordinary sense being the antonym of "credit," as generally understood and defined by courts.

[2] Id.—Unauthorized Issue of Stock—Violation of Terms of Permit—Absence of Right of Recovery.—Where a corporation issued stock to one of its officers without any payment of cash

---

2.  See Cal. Jur. 1926 Supp., p. 479.

in violation of the terms of its permit authorizing the sale of stock at par for cash, it may not recover the value thereof, since it was *in pari delicto* with such officer in consummating the transaction.

[3] ID.—ACCEPTANCE OF STOCK—EXERCISE OF OWNERSHIP—AGREEMENT TO PAY PURCHASE PRICE.—Where corporate stock is required to be sold at par for cash under the terms of the permit issued by the corporation commissioner, acceptance of stock by an officer of the corporation and the exercise by him of acts of ownership does not constitute such an agreement to pay the purchase price thereof in cash, upon delivery, within the meaning of section 1784 of the Civil Code, as to make the transaction legal and to serve as a basis for a recovery of the value thereof by the corporation.

(1) 11 **C. J.**, p. 21, n. 19.   (2) 14 **C. J.**, p. 450, n. 12.

APPEAL from a judgment of the Superior Court of Los Angeles County. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

William M. Morse, Jr., and Rosecrans & Emme for Appellant.

Clark & Law for Respondent.

KNIGHT, J.—This is an appeal by the defendant corporation from an adverse judgment given on a cross-complaint to recover from plaintiff the par value of 997 shares of defendant's capital stock issued to plaintiff while he was serving as an officer and employee of said corporation. The question presented for determination is whether the trial court erred in holding as it did that the issuance of said stock was violative of the permit granted by the corporation commissioner and therefore constituted an illegal transaction upon which no recovery may be had.

In February, 1921, defendant, being then engaged in the publishing business, entered into a written contract with plaintiff to manage and conduct its affairs for a period of five years for a stated salary and a percentage of the gross receipts. A year later, in February, 1922, plaintiff commenced the instant action to collect wages claimed to be due in the sum of $987.62; also an assigned claim for printing.

Besides answering, defendant filed a cross-complaint containing three counts, the second of which was for the recovery of the par value of said stock. The circumstances relating to the issuance of said stock were as follows: After accepting the employment under said written contract, plaintiff was made a member of the board of directors, consisting of five members, and elected treasurer of said corporation. While acting in such capacities the corporation issued and delivered to him two certificates calling for an aggregate of 997 shares of its capital stock of the par value of one dollar each, both certificates being regularly signed by the president and the secretary of said corporation.

The permit granted by the corporation commissioner to defendant authorized the latter to issue and dispose of its stock "at par, for cash," and it is admitted that plaintiff did not pay or expressly agree to pay any cash or other consideration for said stock. It does not appear from the record why said stock was issued to or accepted by plaintiff, but does show that plaintiff signed no subscription agreement for the same; that the stock was not issued to him as a gratuity, by way of bonus, or on credit; and that, although the same was issued "by the president and secretary of defendant corporation in the regular course of business," plaintiff made no "arrangements of any kind whatsoever with the board of directors" with reference to the issuance thereof. The stock remained in plaintiff's possession or under his control, and was voted by him at corporate meetings, until the commencement of the trial of this action in October, 1922, at which time he offered to surrender the two certificates to defendant, who refused to accept them; whereupon the court ordered said certificates deposited with the clerk of the court.

In the case of *Domenigoni* v. *Imperial Live Stock etc. Co.,* 189 Cal. 467 [209 Pac. 36], a permit issued by the corporation commissioner authorized the sale of stock "upon subscription agreements providing for the payment of 25 per cent of the subscription price in cash, and the execution of promissory notes bearing interest at 6 per cent by the subscriber for the balance." In lieu of making the initial cash payment, a purchaser delivered to the salesman as agent for the corporation issuing the stock his promissory note for twenty-five per cent of the purchase price, payable to him,-

self in six months, and the note was then indorsed and delivered to said agent. Action was afterwards brought by the purchaser to cancel said note and the others given for the balance of the subscription, upon the ground that the transaction was violative of the terms of the permit.

In reversing the judgment the supreme court held in substance that said note was delivered to the stock salesman as the agent of the corporation and not as his own, in payment of the initial installment due on the purchase price of said stock, and that it was plain that the transaction evidenced thereby was planned and executed in an endeavor to circumvent the statute and evade the requirements of the permit allowing the corporation to sell its stock, and was therefore illegal; but that the purchaser, having been equally guilty with the corporation in such circumvention and evasion, was entitled to no relief even if the point was not raised on appeal.

[1] We are of the opinion that the case just cited is decisive of the present appeal. Here the permit required the stock to be issued "for cash," which excluded the idea of credit (*Philadelphia & Reading R. Co.* v. *Lehigh Coal Nav. Co.*, 36 Pa. St. 204; *Berlaiwsky* v. *Rosenthal*, 104 Me. 62 [71 Atl. 69]; *Hall* v. *Storrs*, 7 Wis. 253; *State* v. *Woodward*, 208 Ala. 31 [93 South. 826]), and required payment concurrent with delivery (*Mears* v. *Biddle*, 122 Me. 392 [120 Atl. 181]). In other words, "cash" in its ordinary sense is the antonym of "credit," and the courts have so generally understood and defined it. (*State* v. *Woodward, supra.*) [2] Admittedly, the instant transaction was consummated without the payment of any cash to the corporation at any time. It was therefore violative of the terms of the permit; and the defendant corporation being *in pari delicto* with plaintiff in consummating said transaction is not entitled to any relief.

[3] Defendant advances the theory that because plaintiff accepted delivery of said stock and afterwards exercised acts of ownership over the same, the implication of law is that he agreed to pay the purchase price therefor in cash, and that since no time of payment was fixed by the parties, payment was due upon delivery. (*Gilfallan* v. *Gilfallan*, 168 Cal. 23 [Ann. Cas. 1915D, 784, 141 Pac. 623]; Civ. Code, sec. 1784.) There would be much merit in defendant's

theory were we considering the question of a sale of personal property which was free from statutory regulations and control. But such is not the case. The subject of this controversy is corporate stock, which is required to be issued and disposed of in strict conformity with the permit granted for that purpose by the corporation commissioner, and this was not done. The transaction was therefore illegal and cannot serve as the basis of recovery.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.