[Civ. No. 10013. First Appellate District, Division Two.—March 4, 1936.]

ORPHEUM CIRCUIT, INC., Appellant, v. COUNTY OF LOS ANGELES, Respondent.

S. Laz Lansburgh and S. Joseph Theisen for Appellant.

Everett W. Mattoon, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondent.

SPENCE, J.—This action was brought under the provisions of section 3804 of the Political Code to recover certain alleged excess taxes paid by plaintiff in the years 1927, 1928 and 1929 on certain real property located in the city of Los Angeles. From a judgment in favor of defendant, plaintiff appeals.

Said section 3804 reads in part as follows: ''Any taxes, . . . heretofore or hereafter paid upon an assessment in excess of the actual cash value of the property so assessed by reason of a clerical error of the assessor as to the excess in such cases, . . . may, by order of the board of supervisors, be refunded by the county treasurer.''

It may be stated preliminarily that there is practically no dispute concerning the facts and there is no dispute on certain legal questions. Appellant concedes that unless the admitted facts brought the case within the provisions of said section, then appellant was not entitled to the refund. On the other hand, respondent concedes that if the admitted facts brought the case within the provisions of said section, then it was mandatory upon the board of supervisors to order the refund (*Associated Oil Co.* v. *County of Orange,* 4 Cal. App. (2d) 5 [40 Pac. (2d) 887]; *Hayes* v. *County of Los Angeles,* 99 Cal. 74 [33 Pac. 766]), and that the action of the board in rejecting the claim for refund was subject to review in this action. (*Cunning* v. *County of Humboldt,* 204 Cal. 31 [266 Pac. 522].) It is further conceded that the law required the assessor to assess the property at its ''full cash value'' (Const., art. XI, sec. 12; Pol. Code, sec. 3627), and that the term ''full cash value'' means ''the amount at which the property would be taken in payment of a just debt from a solvent debtor''. (Pol. Code, sec. 3617.)

Turning to the facts, it is admitted and the trial court found that there was an over-assessment of the property in each of said years resulting from a clerical error of the assessor. This clerical error occurred in the computation of the cubic content of the building. The method adopted by the assessor of Los Angeles County in assessing appellant's building and all similar buildings was to compute the cubic content thereof, determine the value per cubic foot and multiply the cubic content by the value per cubic foot. The figure thus obtained was taken as the ''appraised value'' and thereafter the ''assessed value'' or ''full cash value'' was

fixed by the assessor at fifty per cent of said "appraised value". In determining the "full cash value" of appellant's building for said years, it is admitted and the trial court found that the assessor made an error in his computation and determined the cubic content of said building to be 420,741 cubic feet in excess of the actual cubic content. The trial court also made the following findings in this connection: "On the basis of said erroneous computation of said cubical contents said Assessor in 1927 assessed said building at a full cash value of $719,360.00, instead of $638,580.00 as he would have done if he had based said valuation upon the true cubic contents of said building, constituting an over-assessment of $80,770.00 for said year. In 1928 and 1929 said Assessor assessed said building at a full cash value of $611,460.00 instead of $542,790.00, being an over-assessment of $68,670.00 in each of said years." The trial court thus found that the building had been assessed in each of said years at a figure in excess of its "full cash value" and respondent concedes this to be the fact. But the trial court further found, "That the actual cash value of said building was approximately the true appraised value, or $1,277,160.00 at twelve o'clock M. on the first Monday of March, 1927; and $1,085,580.00 at twelve o'clock M. on the first Monday of March of each of the years 1928 and 1929. The assessment of said building so made in the amount of $719,360.00 for the year 1927, and $611,460.00 for each of the years 1928 and 1929, was not an assessment in excess of the actual cash value of said building at twelve o'clock M. on the first Monday of March of the particular years."

From what has been said, it is apparent that the trial court construed the term "actual cash value" as used in section 3804 of the Political Code, to mean something greater than the term "full cash value", as used in section 3627 of the same code. Appellant contends that the trial court erred in so construing said term "actual cash value" and in our opinion this contention must be sustained.

The term "actual *cash* value" is not defined by statute and we do not find said term employed in any statute of this state other than section 3804 of the Political Code. On the other hand, the term "full *cash* value" is defined by statute as above set forth. (Pol. Code, sec. 3617.) Our attention is called to the fact that other terms are found in our Constitu-

tion and statutes, such as "actual value" (Const., art. XIII, sec. 16 [4]; Pol. Code, secs. 3617, 3627 and 3627a), and "true value" (Stats. 1931, p. 1372), but these references are not helpful as the word "cash" does not appear in said terms. That the term "actual value" has a somewhat different meaning from the term "cash value" for the purposes of our taxation statutes is clearly indicated in section 3650 of the Political Code requiring the assessor to prepare an assessment book showing "(5) The *cash* value of real estate. (6) The *cash* value of improvements on such real estate. . . . (8) The *actual* value of all notes, debentures, shares of capital stock . . . (9) The *actual* value of all solvent credits . . . 10. The *cash* value of all other personal property, and money." (Italics ours.) It is also apparent from a reading of the above-mentioned sections, that the "cash value" of property referred to in said section 3650 of the Political Code is the same as the "full cash value" thereof referred to in the Constitution, article XI, section 12, and in sections 3617 and 3627 of the Political Code.

The basic words in the terms "full *cash value*" and "actual *cash value*" are identical and there is no doubt that the use of the word "cash" was intended to make said terms convey a somewhat different meaning from such terms as "full value" and "actual value". In *Richardson* v. *Howard,* 23 S. D. 86 [120 N. W. 768], it was held that there was a marked distinction between the terms "full and true value" and "full and true *cash* value", and that the omission of the word "cash" in the oath of the assessor constituted a failure to make a substantial compliance with the statute. But we are here concerned only with the relationship between the terms "*full* cash value" and *actual* cash value". Was the word "actual" as used in said section 3804 intended to mean something greater than "full" as used in said section 3627? We think not. It would appear that the two terms under discussion were intended to be synonymous, but it is only necessary here to decide that the "*actual* cash value" within the meaning of said section 3804 is no greater than the "*full* cash value" within the meaning of said section 3627. While decisions of other states under different statutes are not decisive of the question, it has been held that "actual cash value" is practically synonymous with "fair cash value" and "true cash value". (*State* v. *Woodward,* 208 Ala. 31 [93 So. 826];

*Citizens Nat. Bank* v. *Baker County Board of Equalization,* 109 Or. 669 [222 Pac. 341]; see, also, authorities in Words & Phrases, defining "actual cash value".) None of these terms would seem to imply anything greater than the "full cash value". In discussing similar statutes, the decision in *State* v. *Virginia & T. R. Co.,* 23 Nev. 283 [46 Pac. 723, 35 L. R. A. 759], uses interchangeably the terms "actual cash value", "full cash value" and "true cash value". It is also of interest to note that respondent introduced in evidence a copy of an ordinance adopted by the City of Los Angeles transferring to the officers of the County of Los Angeles the functions of the city relating to the assessment of property. In said ordinance, the term "actual cash value" is used in the place of and as synonymous with "full cash value" as follows: "Section 1–A. The practice of the Assessor of Los Angeles County and of other officials of Los Angeles dealing with the assessing of property for the purposes of taxation within the City of Los Angeles, of determining the *actual cash value* thereof by first determining the fair market value of such taxable property and by using an amount not exceeding fifty per centum of such fair market value as determined by said Assessor, is hereby confirmed and ratified.

"Section 1–B. The valuation of property within the City of Los Angeles for taxation for municipal purposes shall be and is, the *actual cash value* thereof, and the said *actual cash value* shall be arrived at by the assessor by first determining the fair market value of such taxable property and using not exceeding fifty per centum of such fair market value as the actual cash value." (Italics ours.)

To hold that "*actual* cash value" is greater than "*full* cash value" would result in a contradiction of terms. The adjective "full", means "complete, entire" (Webster's International Dictionary, 2d ed.) and the substitution of the adjective "actual" in the place thereof can convey no greater meaning. We see no necessity for adopting a liberal construction of said section 3804 in order to hold that the "actual cash value" is no greater than the "full cash value" but it should be borne in mind that as said section is "a remedial statute, it should be liberally construed so as to carry out its intent and object". (*Pacific Coast Co.* v. *Wells,* 134 Cal. 471, 474 [66 Pac. 657].) Said section would be of little value to the taxpayer if it were construed to permit

recovery thereunder only when property is assessed through clerical error at a figure in excess of twice the "full cash value" of such property and then only for such excess.

We therefore conclude that the trial court's findings to the effect that there were over-assessments in said years in excess of the "full cash value" are inconsistent with its findings to the effect that said assessments were not in excess of the "actual cash value". The judgment should therefore be reversed and, as it is conceded that all other issues have been determined by the trial court, we deem it proper to direct a judgment in favor of appellant.

In view of these conclusions, it is unnecessary for us to consider appellant's claim that there was "erroneous assessment of improvements on real estate not in fact in existence" within the meaning of said section 3804 of the Political Code.

The judgment is reversed with directions to the trial court to reframe its findings in accordance with the views expressed herein and to enter judgment in favor of appellant.

Nourse, P. J., and Sturtevant, J., concurred.