183 So. 449

**STATE v. WEST POINT MFG. CO.**

**5 Div. 271.**

Supreme Court of Alabama.

June 16, 1938.

Rehearing Denied Oct. 6, 1938.

468

A. A. Carmichael, Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

Denson & Denson and L. J. Tyner, all of Opelika, for appellee.

BROWN, Justice.

This appeal is from the final decree of the circuit court, sitting in equity, vacating the assessment made by the State Tax Commission, fixing the value of the shares of stock of the appellee, corporation, at $121.-52 each for the purposes of taxation, under § 13 of the General Revenue Law of 1935, Acts 1935, p. 268. And ascertaining and adjudging that "the fair and reasonable market value of the shares of stock * * * was not less than $100.00 and not more than $103.00 per share as of October 1, 1936." The result being, as ascertained and adjudged in the court's decree, "that 60% of the fair market value of all the shares did not exceed the aggregate assessed value of the real and personal property" of the corporation, rendering said shares non-taxable.

The pertinent provisions of said § 13, authorizing the assessment, provides that:

"Every share of any domestic corporation, [with certain exceptions not here pertinent] * * * shall be assessed and the taxes thereon collected in the county

wherein such corporation has its home or chief office in the state, and shall be assessed at sixty per cent of its value to the person in whose name such shares stand on the books of the corporation and not to the corporation. * * * The president or managing officer of every such corporation shall make out and return under oath to the Tax Assessor and to the State Tax Commission a list showing the total number of shares of capital stock of such corporation and the par value thereof, and the full name and residence of each stockholder, as far as known, the *actual value thereof, the date of the last sale of shares of stock of such corporation, with the name of the seller and the purchaser and the price paid for same,* and the annual dividend declared on the stock of such corporation, for the last three years, *and the value of the shares as shown by the books* of the corporation, and by the last report of the officers to the share holders, and the amount of the surplus, and the amount of the undivided profits not included in the surplus, and such other information as may be required by the State Tax Commission. * * * If the aggregate assessed value of the shares does not exceed the aggregate assessed value of the real and personal property of the corporation, then no tax shall be demanded or collected on the shares." [Italics supplied]. General Revenue Law, Acts 1935, § 13, pp. 268–270.

One of the questions debated is, whether or not the requirement that the shares of stock "shall be assessed at sixty per cent of *its value to the person* in whose name such shares stand on the books of the corporation and not to the corporation," means the real intrinsic value, or the fair and reasonable market value shall govern in making the assessment.

Section 1, Subsection (i) of said General Revenue Act provides: "That whenever the terms mentioned in this Section are employed in this Act, they are employed in the following sense: * * * (i) The term 'Value' means the fair and reasonable market value of the taxable property, and shall be estimated at the price at which the property would bring at a fair voluntary sale."

And § 6 of the Act provides: "All taxable property within this State shall be assessed for the purpose of taxation at sixty per cent of its fair and reasonable market value."

When the verbiage of these several sections of the Revenue Act are compared with the utterances of this court in State v. Bienville Water Supply Company, 89 Ala. 325, 8 So. 54, and State v. Woodward, 208 Ala. 31, 93 So. 826, and interpreted in the light of each other, the conclusion is inescapable that the requirement is that the shares of stock are to be assessed at their "fair and reasonable market value," at the beginning of the tax year, October 1st. Acts 1935, § 11, p. 267.

These several sections of the General Revenue Act of 1935 appear to have been cast in the light of the decisions of this court, above cited.

Moreover, to construe the provisions of § 13 as requiring the assessment to be made at the real intrinsic value would destroy the uniformity required by §§ 211 and 217 of the Constitution of 1901.

This interpretation of the provisions of the statute is not at all inconsistent with the provisions of section 10 thereof, which requires the tax authorities "In arriving at the value of shares of stock of a Corporation or Association for the purposes of taxation, whether said Corporation be domestic or foreign, all dividends earned or declared, and not distributed, shall be treated as assets of said Corporations." The fair and reasonable market value is not to be determined from any one item of evidence, but from the composite relevant facts. Heiner v. Crosby, 3 Cir., 24 F.2d 191; Greensburg Deposit Bank v. Commonwealth et al., 230 Ky. 798, 20 S. W.2d 979.

The several elements required to be embodied in the return made by the taxpayer, and to be considered by the tax authorities, are to aid the tax authorities in discovering fabrications to avoid a just assessment at a fair and reasonable market value, as well as to enable them to find such value.

The circuit court had the right to assume, in the absence of evidence to the contrary, that the valuation placed on the properties of the corporation in the return made to the Tax Assessor of Chambers County, and the State Tax Commission by the corporation, sworn to by its president, the witness Lanier, represented his opinion and judgment as to its fair

470

and reasonable value. Therefore, if it was error to sustain the defendant's objection put to the witness eliciting evidence in this respect, it was error without injury.

■ The defendant's objections to other questions as to whether or not the value of $121 placed on the stock by the Tax Commission was, in the judgment of the witness, fair and reasonable, were well sustained. This was the question which the court was called upon to answer—the very issue in the case. Brandon v. Progress Distilling Co., 167 Ala. 365, 52 So. 640.

'■■ The other question presented for decision, whether or not the valuation of the stock at $121 per share was in excess of its fair and reasonable market value, is one purely of fact, and after due consideration of all the evidence, assuming, prima facie, that the valuation found by the State Tax Commission was correct, we concur in the conclusion and judgment of the trial court that the assessment was excessive, that the reasonable cash market value of said shares on October 1, 1936, was $103, and that the aggregate value of the stock did not exceed the aggregate assessed value of the real and personal property, and that said stock was non-taxable.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.